CASE 105—INDICTMENT AGAINST REINECKE COAL MINING CO. FOR FAILING TO PAY EMPLOYES AS REQUIRED BY STATUTE.—MARCH 16.

# Commonwealth v. Reinecke Coal Mining Co.

APPEAL FROM HOPKINS CIRCUIT COURT.

FROM JUDGMENT DISMISSING THE INDICTMENT, COMMONWEALTH APPEALS. REVERSED.

MINING CORPORATIONS—PAYMENT OF WAGES—STATUTE—CONSTITUTIONALITY—INDICTMENT—SUFFICIENCY—DUPLICITY.

Held:   1. Under Kentucky Statutes, 1903, section 2739a, subsec. 1, declaring that corporations engaged in mining shall on or about the 15th and 30th days of each month pay each employe to within fifteen days of said 15th and 30th days, etc., an indictment charging that defendant unlawfully failed and refused on or about the 15th and 30th days of a certain month to pay to within fifteen days of those dates is not objectionable on the ground that it charges two offenses.

2. An indictment should not be dismissed on the ground that it

charges two offenses, the proper practice being to allow the Commonwealth's attorney to. elect for which offense he will prosecute.

3. Under Kentucky Statutes, 1903 section 2739a, subsec. 1, declaring that persons and corporations engaged in mining shall on or about the 15th and 30th days of each month pay their employes to. within fifteen days of said 15th and 30th days, provided that if at any time of payment any employe shall be absent he shall be entitled to payment thereafter on demand, and subsection 3, making a violation punishable as a misdemeanor, it is not necessary for an indictment for violation of the section to allege that the employe whose wages it was alleged were not paid as required was present at the time his wages were payable, or, if absent, that he demanded them on his return.

4. Under Kentucky Statutes, section 2739a, subsec. 1, providing that persons and corporations engaged in mining shall on or about the 15th and 30th of each month pay to within fifteen days of the 15th and 30th each employe the full amount of wages due, an indictment alleging that defendant unlawfully and willfully failed and refused on or about the 15th and 30th days of a certain month to pay to within fifteen days of the 15th and 30th the wages due a certain person employed by defendant was sufficiently specific.

5. Acts 1902, p. 125, c. 60, entitled "An act concerning the employes and servants in mining work or industry in this Commonwealth," and amending the act of 1898 (Acts 1898, p. 59, c. 15) in relation to the same subject so as to provide that all persons and corporations engaged in mining shall on or about the 15th and 30th of each month pay to within fifteen days of those dates each employe in lawful money, declaring that blacklisting is forbidden, and that any violation of the act shall be deemed a misdemeanor, is not violative of Const., section 51, requiring the subject of acts to be expressed in their titles.

6. Acts 1902, p. 125, c. 60, amends the act of 1898 (Acts 1898, p. 59, c. 15) with reference to the payment of employes of persons and corporations engaged in mining, enacting that section 1 of the former act be repealed, and certain provisions enacted in lieu thereof, and the act as amended was published. HELD a compliance with Const., section 51, declaring that no law shall be revised or amended by reference to the title only, but that so much as is revised shall be re-enacted and published at length.

7. Kentucky Statutes, 1903, section 2739a, requiring persons and

Commonwealth v. Reinecke Coal Mining Co.

corporations engaged in mining to pay all employes on the 15th
and 30th days of each month to within fifteen days of the
said dates, unless prevented by unavoidable casualty, forbid-
ding blacklisting, and declaring that a violation of the pro-
vision of the act shall be a misdemeanor, is not unconstitu-
tional as class or special legislation, but is authorized by Const.,
section 244, providing that all wage earners employed in mines
shall be paid for their labor in lawful money.

8. Neither is the statute objectionable as an improper exercise of
the police power.

9. The enforcement of the statute is not an interference with vested
rights, or an impairment of the obligation of contracts.

10. Neither does it impose a penalty for the non-payment of debt.

JOHN L. GRAYOT AND CLIFTON J. PRATT, ATTORNEY GENERAL,
FOR COMMONWEALTH, GORDON & GORDON & COX, AND C. J.
WADDELL, FOR APPELLEE.

(No briefs, record misplaced.)

OPINION OF THE COURT BY JUDGE SETTLE—REVERSING.

On October 7, 1902, the grand jury of Hopkins county
found and returned in the circuit court of that county an
indictment against the appellee, Reinecke Coal Mining Com-
pany, which was in words and figures as follows: "The Com-
monwealth of Kentucky against Reinecke Coal Mining Com-
pany. Indictment. Hopkins Circuit Court. The grand
jurors of the county of Hopkins, in the name and by the
authority of the Commonwealth of Kentucky, accuse the
Reinecke Coal Mining Company of the offense of unlawfully
and wilfully failing and refusing on or before the 15th and
30th days of August, 1902, to pay within fifteen days of
the aforesaid 15th and 30th days respectively, in full amount
of wages in lawful money of the United States of America,
due a person engaged and employed by said company in the
mining industry, the said company employed the ser-
vices of more than ten persons in the mining industry, com-
mitted in manner and form as follows, to wit: The said

Reinecke Coal Mining Company, in the said county of Hopkins, on the 15th day of August, 1902, and before the finding of this indictment, did unlawfully and wilfully fail and refuse on or before the 15th and 30th days of August, 1902, to pay within fifteen days of the aforesaid 15th and 30th days of August, respectively, in lawful money of the United States of America, the full amount of wages due Ben Anderson, a servant and employe of the said Reinecke Coal Mining Company, and to whom money was due by the said company for services rendered said company in August, 1902, for work done in the mining industry.

The said Reinecke Coal Mining Company was, during the months of July and August, 1902, engaged in the mining industry, to wit: Mining coal, and did have in its employment during said months and engaged in mining coal at one and the same time and place persons in greater number than ten. Said Reinecke Coal Mining Company was at that time and is now doing a corporation business in Hopkins county, Kentucky, and said company was not prevented from paying said wages in said months by unavoidable casualty. Against the peace and dignity of the Commonwealth of Kentucky." The lower court sustained a demurrer to and dismissed the indictment, and from that judgment the Commonwealth has appealed.

The offense for which appellee was indicted was created by subsection 1, section 2739a, Ky. St., 1903, which reads as follows: "That all persons, associations, companies, and corporations, employing the services of ten or more persons in any mining work or mining industry, in this Commonwealth, shall, on or before the 15th and 30th days of each month, pay to within fifteen days of the aforesaid fifteenth and thirtieth days, respectively, each servant or employe in

lawful money of the United States, the full amount of wages
due each such servant or employe rendering such service, un-
less prevented by an unavoidable casualty; provided however
that if at any time of payment any servant or employe shall
be absent from his place, he shall be entitled to such pay-
ment at any time thereafter on demand." Subsection 2
of section 2739a forbids the blacklisting of their employes
by any person, company, or corporation engaged in the busi-
ness of mining, or the coercing of such employes to trade at
any particular store. And subsection 3 of the same section
declares that a violation of any of the provisions of the act
shall be deemed a misdemeanor, and upon conviction the
persons, company, or corporation so offending shall be fined
not less than $50 nor more than $100 for each offense. As
originally enacted, subsection 1 of section 2739a, of the stat-.
ute *supra* differed somewhat from that subsection as it now
appears, in that it provided for the payment to the employe
on or before the 16th day of each month of his wages for
the month previous, and contained this further provision,
which is not found in the present statute. viz.: "But if such
person, corporation or company, after using due diligence,
is unable to make said payment as above required (i. e., on
the 16th of each month), he or it shall within fifteen days
thereafter make out a payroll and statement of account due
each employe and also a due bill for said sum bearing in-
terest from said 16th day of the month, and deliver same
to each of said employes." Ky. St., 1899. The original act
was amended by an act approved March 21, 1902 (Acts
1902, p. 125, c. 60), the enacting part of which is as follows:
"Be it enacted by the General Assembly of the Common-
wealth of Kentucky: That section one of an act entitled
'An act concerning the employes and servants in mining

work or industry in this commonwealth,' which was received by the Governor, March 2nd, 1898, (Acts 1898, p. 59. c. 15), and became a law at the expiration of ten days without the Governor's approval, be, and the same is hereby, repealed, and the following is enacted in lieu thereof." Then follows the language constituting the present subsection 1 of section 2739a, which is accurately quoted in the foregoing part of this opinion.

We are not advised as to the grounds upon which the lower court sustained the demurrer to the indictment, as the judgment is silent upon that subject, but take it for granted that it was sustained upon one or more of the several grounds argued in the brief of counsel for appellee. It is contended that the indictment charges two offenses, for which reason the demurrer was properly sustained. We question the soundness of this contention. There seems to be but one offense set out in the indictment. Reduced to the briefest statement, the charge, in substance, is that appellee, on the ―― day of August, 1902, unlawfully failed and refused on or before August 15 and 30, 1902, to pay to within 15 days of those dates, respectively, in lawful money, the full amount of wages due Ben Anderson, its employe, among more than 10 others, for labor performed by him in its business of mining. We therefore incline to the opinion that the demurrer should not have been sustained on this ground. But if we are mistaken in this conclusion, and should concede that the demurrer ought to have been sustained because two offenses are charged in the indictment, nevertheless it would have been error for the court to dismiss the indictment on that ground, for when a demurrer is sustained to an indictment because of its charging two offenses the proper practice is to allow the commonwealth's attorney to elect for which of

the two offenses he will prosecute the defendant in the indictment.

It is insisted for appellee that the indictment is defective because it does not allege that Ben Anderson was at his place of labor at the time his wages were payable under the statute, or, if absent, that he did upon his return demand of appellee his wages. This objection is urged in view of the proviso contained in the statute which declares that "if at any time of payment any servant or employe shall be absent from his place of labor, he shall be entitled to such payment at any time thereafter on demand." It is not necessary for an indictment to negative a state of facts that may be relied upon as a defense. If appellee can shield itself behind the proviso of the statute, it must do so by way of defense. An indictment need not follow the language of the statute upon which it is based. It may use the words of the statute, or words of similar import; consequently the indictment in the case at bar is not, as argued, defective because it does not follow the precise language of the statute upon which it is based. Commonwealth v. Scroggan (22 R., 1338), 60 S. W., 528; Connor v. Commonwealth, 13 Bush, 721. As it sets forth the offense with such certainty as to apprise the appellee of the nature of the accusation upon which it is to be tried, and to constitute a bar to a subsequent prosecution for the same offense, it is sufficiently specific. Paynter v. Commonwealth (21 R., 1562), 55 S. W., 687.

It is also contended in argument that the amendment of 1902, under which the indictment in this case was found, was not enacted in compliance with the provisions of section 51 of the Constitution, which declares that: "No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title; and no law

shall be revised, amended, or the provisions thereof extended, or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred shall be re-enacted and published at length." And it is claimed that the title of the act of 1902 is defective, in that the amendment of the act of 1898 is the subject thereof, and such subject does not appear in its title; and because, as further contended, it amends the act of 1898 by a reference to its title only, and without republishing the act as amended. The title of the amendment of 1902 is as follows: "An act concerning the employes and servants in mining work or industry in this Commonwealth." The general subject of the amendment as of the original act of 1898 is the better protection of employes and servants in mining work or industry, and the objection in view is their payment in lawful money for services rendered. The act, as amended, contains nothing that is not germane to the subject expressed in the body thereof and in the title, and its meaning is so plain that any person of ordinary intelligence can readily understand it.

Nor is it true that the act in question amends that of 1898 by a reference to its title only, and without republishing the act as amended. The act of 1902 sets forth in explicit terms that section 1 of the original act is repealed, and that the single section constituting the amendment shall be and is substituted therefor. No other section or provision of the original act was amended by the act of 1902, and as section 1, enacted in lieu of the one repealed, is set out in full—that is, "published at length"—in the act of 1902, such publication was and is a substantial compliance with section 51 of the Constitution. In Purnell v. Mann, etc., 105 Ky., 95, 20 R., 1146, 48 S. W., 409, this court, in construing the section of the Constitution *supra*, said: "The question then

Commonwealth v. Reinecke Coal Mining Co.

arises how to construe the provision, 'but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length,' so as to substantially comply with that section.   We think the manifest intention was that the provision should apply only to so much of the law as, after passage of the new act, remains in force amended." Herndon v. Farmer (24 R., 1045), 70 S. W., 632.   The act of 1902, as passed and published, is full and specific enough as to the subject embraced by it to show for what part of the law of 1898 it is substituted; and, moreover, the part for which it is substituted being in express terms repealed, the residue of the law of 1898 is unaffected, and left in full force.

It is further contended for counsel for appellee that the statute, as amended, is class legislation, also special legislation, and not a just exercise of the police power, for any and all of which reasons it is unconstitutional, and should be so declared by this court. The questions raised by the foregoing objections have been heretofore settled by this court in favor of the validity of the statute, and its constitutionality upheld, in the case of the Commonwealth of Kentucky v. Hillside Coal Company 22 R., 559, 58 S. W., 441, and, without taking time to quote from the opinion, or to discuss it in detail, we hereby express our approval of its reasoning and conclusions.   In truth, section 244 of the Constitution, which provides that "all wage earners in this State employed in factories, mines, workshops, or by corporations, shall be paid for their labor in lawful money," authorized the enactment by the Legislature of the statute in question.   It is true that Commonwealth v. Hillside Coal Company, *supra,* was decided before the passage of the act of 1902, whereby the law of 1898 was amended.   But the points of difference

between the statute and its original and amended form we
have already indicated. They are not material and the opin-
ion of the court in Commonwealth v. Hillside Coal Company
is just as applicable to the present as it was to the former
statute.

We can find no ground for the appellee's contention that
an enforcement of the statute *supra* would interfere with
vested rights, impair the obligations of contracts, or impose
a penalty for the nonpayment of debt. It is a well estab-
lished principle in this State that, so long as the Legisla-
ture does not pass the limits fixed by the Constitution, the
courts have no authority to interfere on the ground that
the act in question violates the natural principles of justice
and right. Tiedeman, Lim. Police Powers, section 3. The
subjects for the exercise of the police power are, first, pre-
servation of the public health; second, preservation of the
public morals; third, regulation of business enterprises;
fourth, regulation of civil rights of individuals; and, fifth,
the general welfare and safety of the citizens. All business
must be subject to reasonable regulations, and as the Legis-
lature in enacting the statute under consideration seems to
have kept within the purview of section 244 of the Constitu-
tion, we are constrained to hold that the statute in all of
its parts is valid. Consequently the lower court erred in
sustaining the demurrer to the indictment.

Wherefore the judgment is reversed, and cause remanded
for proceedings consistent with this opinion.