## Hale et al. v. State Highway Commission.

(Decided Feb. 18, 1936.)

VERT C. FRASER for appellants.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

In the summer of 1933 the State Highway Commission of Kentucky was engaged in the construction of certain roads in Webster county under force account and among the laborers employed in July and August was Baxter Hale. The Highway Commission was operating under the Workmen's Compensation Law and Baxter Hale and all other employees engaged in the work were required to and had accepted the provisions of the law by signing the register. On February 8, 1934, Hale died, survived by a widow, Ellen Hale, and a daughter, Martha, 7 years of age, as dependents.

In April, 1934, the widow filed with the Workmen's Compensation Board an application for adjustment of compensation on behalf of herself and daughter claiming that her husband's death resulted from injuries received in the course of his employment while at work for the Highway Commission. One of the board's referees heard the case and rendered an opinion awarding the claimant the sum of $7.80 per week for 335 weeks. The Highway Commission filed motion for a full board review, which was sustained, and the board set aside the referee's order of November 7, 1934, and dismissed the application for compensation. On appeal to the circuit court for a review of the board's award and finding, the order of the board dismissing the application for compensation was affirmed, and the claimants are here on appeal from that judgment.

According to the evidence of appellant, Baxter Hale was, during the months of July and August, operating a slip scrapper and after a load had been dumped and he was returning for another, the scrapper struck a root or some obstruction causing the back end to fly up and one of the handles struck him

on the side or back of the neck. None of the witnesses attempted to fix the date when the accident is alleged to have occurred, but two or more witnesses claimed to have seen the handle strike him. After receiving the blow on the neck, he went to the shade, where he procured a drink from a barrel of ice water, and another laborer drove his team for 15 or 20 minutes until he returned to his work. He stayed on the job until the work was completed. Some of the witnesses testified that he was complaining of his neck and throat hurting him, and that his neck appeared to be swollen, and he became hoarse. Some testified that he wore a cloth around his neck. His father testified that after he claims to have received the lick, there was a bruised spot on his neck, and this was followed by a lump or swelling; that he gradually grew worse and was able to do very little work.

Dr. Earl R. Frye, a chiropractor, of Providence, Ky., testified that Hale came to him for treatment on September 4, 1933; that he found an enlargement of the cervical glands and the left half of the thyroid gland much swollen; that he treated him thereafter on nine different occasions up to and including September 18; that as he recalled, the patient told him he had had a sudden severe jerk. He gave as his opinion that a bruise could have caused the swelling of the glands; that he did not make a diagnosis. When asked if the patient was suffering from Hodgkins disease, he replied, "Yes sir, forerunners."

Dr. Ralph E. Caldwell, a physician at Providence, was called to treat Hale about January 14, 1934, and continued to treat him until February 7. The symptoms he found were difficult breathing, difficult swallowing, temperature between 101 and 102, and, as he remembered, a considerable lump on the left side of the neck with some swelling on the other side; that the cervical lymph nodes were involved. He gave as his opinion that death was caused by Hodgkins disease. . When asked as to his opinion concerning the cause of the conditions he found, he stated that from the history obtained he could only trace it to the lick received on the neck. He testified that Hale was not able to give the history of the case himself, but he got it from his father, and, as he recalled, the boss out on the road.

'A number of witnesses who worked on the road during the entire time Hale was employed testified that he worked every day, and that they never heard him make any complaint and did not observe swelling about his neck, or that he wore a cloth around it. One witness testified that about the time the work was completed he seemed hoarse, and when asked what was the matter, replied that he did not know; that about a week after they quit work, deceased had had his neck wrapped up and could hardly talk.

Drs. Frances M. Massie, E. S. Maxwell, and Carl Fortune, of Lexington, Ky.; who appear from experience and training eminently qualified to speak on the subject testified in substance there is no relation between Hodgkins disease and traumatic injury.

In making its award, the Compensation Board found as a fact that Baxter Hale came to his death as a result of Hodgkins disease, which did not grow out of or have any relation to the alleged accident, nor did the alleged injury contribute in any degree to his death.

While we have not attempted to go into detailed review of all the proof, the foregoing recital of the evidence for the respective parties is sufficient to show a sharp conflict on determinative facts and circumstances; and as a general doctrine running through all authorities, courts are not authorized to disturb the award of the Compensation Board when supported by evidence of a substantial value carrying the quality of proof. J. L. Smith Coal Co. v. Hawkins, 222 Ky. 284, 300 S. W. 609; Coleman Mining Co. v. Wicks, 213 Ky. 134, 280 S. W. 936; Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34.

Practically all the cases cited hold that in the absence of claim of fraud or mistake, the Compensation Board's findings of fact are conclusive upon appeal, unless there is an absence of competent evidence to sustain them. Obviously, then, it is not the province of the court to retry the facts, but merely to examine the record to determine whether there is competent evidence of a probative character to sustain the award; and when, as in this instance, there is such evidence, the court, notwithstanding evidence point-

ing the other way, may not substitute its judgment for that of the board. To do so would in effect nullify the compensation laws and defeat their salutary purposes.

In the recent case of State Highway Commission v. Westerfield, 257 Ky. 274, 77 S. W. (2d) 951, 954, this court, in affirming a judgment and award finding under conflicting evidence that the claimant was not entitled to compensation, said:

"In the case of Big Elkhorn Coal Co. v. Burke et al., 206 Ky. 489, 267 S. W. 142, it was held that circumstantial evidence is sufficient to sustain the board's finding when the facts and circumstances are so related that inference of liability may be fairly drawn by unprejudiced minds without the necessity of resort to conjecture or speculation. As a matter of course, this rule would work both ways.

"While there is evidence tending to support appellee's claim, there is other evidence and many circumstances from which reasonable inferences may be fairly drawn which strongly militate against it. Taking into consideration the evidence as a whole and the reasonable inferences, that necessarily arise from the circumstances in relation thereto, it is at once apparent that the finding of the compensation board is supported by evidence of substantial value carrying the quality of proof."

See, also, Kentucky & West Virginia Power Co. v. Terry, 238 Ky. 187, 37 S. W. (2d) 36. In the proven circumstances, these cases are conclusive and controlling.

Judgment affirmed.