### In re AUTO ELECTRIC REPAIR & PARTS CO.

#### No. 13180.

District Court, W. D. Kentucky, at Louisville.

Oct. 7, 1941.

**4**

Robert Hensley, of Frankfort, Ky., for Unemployment Compensation Commission.

Lawrence S. Grauman, of Louisville, Ky., for S. C. S. Realty Co.

James M. Cuneo, of Louisville, Ky., trustee in bankruptcy.

MILLER, District Judge.

The S. C. S. Realty Company, a landlord creditor, has sought a review of the Referee's order of January 27, 1941, which held that a landlord's claim for unpaid rent was inferior to the claims of certain wage-earners and to the claim of the Kentucky Unemployment Compensation Commission for payments alleged to be due under the 1938 Unemployment Compensation Act. Ky. Statutes Supp.1939, § 4748g-1 to 4748g-22.

Debts which have priority, in advance of the payment of dividends to creditors, and the order of their payment, are set out in Section 64 of the Bankruptcy Act, Section 104, Title 11 U.S.C.A., as follows: (1) Costs and expenses of administration; (2) wages not exceeding $600 to each claimant which have been earned within three months before the commencement of the proceeding; (3) * * *; (4) taxes due the United States or any State or any subdivision thereof; (5) debts entitled to priority by the laws of the United States, and rent owing to a landlord who is entitled to priority by applicable state law.

The claim of the Kentucky Unemployment Compensation Commission is a tax, regardless of the terminology employed by the statute. Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327; Barnes v. Indian Refining Co., 280 Ky. 811, 134 S.W. 2d 620; Unemployment Compensation Commission v. Savage, 283 Ky. 301, 140 S.W.2d 1073. Accordingly, the rent claim is inferior to both the wage claims and the claim of the Unemployment Compensation Commission, unless it can obtain priority by virtue of a lien. Section 64 of the Bankruptcy Act deals with priorities between unsecured claims, but does not disturb valid liens existing at the time of bankruptcy. In re Brannon, 5 Cir., 62 F.2d 959; In re Knox-Powell-Stockton Co., 9 Cir., 100 F.2d 979. Such a lien is created in favor of the landlord by Section 2317 Kentucky Statutes, for four months' rent. The tax claim of the Unemployment Compensation Commission is also a lien, as provided by Section 4748g-8(c), Kentucky Statutes Supplement 1939 or by Section 4257a-7, Kentucky Statutes Supplement 1939, enacted in 1937, effective January 18, 1937. But both of these liens are postponed in payment to the costs of ad-

ministration and to wages by Section 67, sub. c of the Bankruptcy Act, Section 107, sub. c, Title 11 U.S.C.A. This would seem to be decisive of at least so much of petitioner's claim as seeks priority over the claims of the wage-earners. This leaves for decision the question of priority between the two liens, each created by a separate statutory enactment.

The landlord contends that its lease was entered into on November 30, 1937, for a period of two years beginning December 10, 1937; that its lien became effective and a part of its contract when the bankrupt went into possession and moved its personal property into the premises; that Section 4748g-1 et seq., Kentucky Statutes Supplement 1939, which imposed the unemployment tax did not become effective until March 5th, 1938, and should not be construed to act retroactively; and that any attempt to so construe it would violate Section 10, Article 1 of the U.S. Constitution, which prohibits any State from enacting a law impairing the obligation of contracts. Dean v. Board of Education, 247 Ky. 553, 57 S.W.2d 477; Louisville Cooperage Co. v. Rudd, 276 Ky. 721, 124 S.W.2d 1063; Jones v. Fidelity & Columbia Trust Co., 6 Cir., 73 F.2d 446; Kentucky Utilities Co. v. Carlisle Ice Co., 279 Ky. 585, 131 S.W.2d 499.

The cases cited by the petitioner sustain the general principles of law relied upon, but the argument fails to recognize that the statute creating the tax lien is not necessarily Section 4748g-8(c), Kentucky Statutes Supplement 1939, which is part of the Unemployment Compensation Act. Section 4257a-7, Kentucky Statutes Supplement 1939, provides that the Commonwealth "shall have a lien superior to all other liens upon all property, real, personal and mixed, tangible and intangible, owned by the taxpayer at the time the property or the taxpayer becomes subject to the tax, for any property tax, license tax, inheritance or estate tax, excise tax. or income · tax, * * *". The tax in question is an excise tax. Steward Machine Co. v. Davis, 301 U. S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L. R. 1293; Beeland Wholesale Co. v. Kaufman, 234 Ala. 249, 174 So. 516. Section 4257a-7, Kentucky Statutes Supplement 1939 was enacted in 1936 and became effective before the lease was executed, even though the Unemployment Tax was not imposed until after the execution of the lease. The landlord did not acquire a lien by virtue of its lease alone, but such a lien was acquired by construing the lease as having impliedly written into it the provisions of Section 2317 Kentucky Statutes giving the landlord a superior lien against the personal property of the tenant. But at the time when the present lease was executed the then existing statutory law did not give the landlord a superior lien, but gave it a lien which was inferior to any lien for taxes. Section 4257a-7 is in broad and general terms and should not be construed as giving a lien only for existing taxes, but was plainly intended to give a lien for any taxes then or thereafter provided for by Kentucky Statutes. Certainly it would include any existing taxes which might be modified or amended by subsequent legislation. The original Unemployment Compensation Tax Law was enacted December 29, 1936, and was repealed and re-enacted as of March 5, 1938. Accordingly, I am of the opinion that petitioner's lease had impliedly written into it not only the provisions of Section 2317, Kentucky Statutes but also the existing provisions of Section 4257a-7, Kentucky Statutes Supplement 1939, and that the landlord's lien so created was at the same time created inferior to the tax lien in question.

If Section 4257a-7, Kentucky Statutes Supplement 1939, should be construed as not including the unemployment compensation tax imposed on March 5, 1938, it will be noticed that the Unemployment Compensation Act itself gave a superior lien to the Commonwealth to secure the payment of the tax. Section 4748g-8 (c), Kentucky Statutes Supplement 1939. This Act was enacted in the exercise of the police power of the Commonwealth. Section 4748g-2, Kentucky Statutes Supplement 1939; Workmen's Compensation Board v. Abbott, 212 Ky. 123, 278 S.W. 533, 47 A.L.R. 789; Whitney v. Newbold, 270 Ky. 209, 109 S.W.2d 406. The constitutional protection of the obligation of contract is subject to the exercise by the State of its inherent police power, and such a statute is valid even though it incidentally destroys existing contract rights. Semler v. Oregon State Board of Dental Examiners, 294 U.S. 608, 55 S.Ct. 570, 79 L.Ed. 1086, Home Building & Loan Association v. Blaisdell, 290 U.S. 398, 54 S.Ct. 231, 78 L. Ed. 413, 88 A.L.R. 1481; Workmen's Compensation Board v. Abbott, supra.

The petition to review the Referee's order of January 27, 1941, is dismissed, and said order is affirmed.