RAFAEL DE J. CORDERO, MANAGER OF THE STATE INSURANCE FUND, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; DULCILIO MARTÍNEZ MOLINA, Claimant.

No. 272. Argued November 8, 1943.—Decided November 30, 1943.

*M. Rodríguez Ramos, Acting Attorney General, G. Benítez Gautier, Deputy Attorney General, Angel de Jesús Matos, Joaquín Correa Suárez,* and *Joaquina Pérez Cordero, Legal Advisers of the State Fund,* for petitioner. *P. Santos Borges* for claimant.

MR. JUSTICE SNYDER delivered the opinion of the court.

Dulcilio Martínez Molina reported on a Monday that, while working the previous Saturday for an insured employer, "a fellow-workman had involuntarily struck him with a piece of wood" on the left side of the neck. Two days later he was examined by Dr. Oliveras, who found that he had a glandular growth under the skin on the left side of

his neck. There was no sign of a trauma on the neck at that time. A laboratory analysis of tissue from this glandular growth revealed that Martínez was suffering from Hodgkin's disease. The workman was treated at the direction of the Administrator of the State Insurance Fund, but subsequently died of this disease. Before he died, the Industrial Commission held that Martínez had become totally and permanently disabled as a result of an accident which occurred in the course of his employment. We granted the petition of the Administrator to review that ruling as well as the order of the Commission overruling a motion for reconsideration.

We note first that both doctors who testified, including Dr. Oliveras who testified on behalf of Martínez, agreed that Hodgkin's disease, which starts with a general glandular inflammation and is followed by an abnormal growth of the lymphatic glands, cannot be caused simply by trauma. Dr. Oliveras answered questions put to him by counsel for the workman as follows:

"A. Limiting ourselves strictly to modern scientific doctrines, I can state that traumatism has nothing to do with the cause of Hodgkin's disease.

"*　　*　　*　　*　　*　　*　　*

"Q. You are not, then, in a position to assert that such has not been the cause?

"A. It has been determined that traumatism does not seem to be the cause of Hodgkin's disease. It is impossible to believe that traumatism may cause Hodgkin's disease. That point has already been studied.

"*　　*　　*　　*　　*　　*　　*

"Q. Do you not believe that, taking into consideration the circumstances involved in the questions, in all the statements made, to the effect that not even one symptom of the ailment existed prior to the injury, that his receiving the injury in the cervical region might not be one of the causes of the disease?

"A. I would say it was a coincidence."

The Commission recognized that it had erred in its orig-

inal order holding that the disease had been caused by the alleged accident. Its order overruling the petitioner's motion for reconsideration reads in part as follows:

"A real and positive fact exists, that is, that that part of the human body in which Hodgkins disease will most probably appear is the cervical region, and taking into consideration that the trauma was suffered in said region and that the workman had never before been ill, since he was a young, strong and healthy man who, as testified to at the hearing, had never suffered from inflamations nor infections, it is logical and natural to maintain that if the ailment existed prior to the date of the accident, it might have been accelerated by the injury.

"There is, in our opinion, an error in the directive part of our order of January 10, 1943, which we want to correct, and which consists in our stating at the end of said paragraph that the ailment was caused by the accident which occurred on October 25, 1941, when we should have stated that it was accelerated by the trauma."

The only testimony that the accident in question occurred was that of the workman himself. In its original order the Commission stated that "Any doubt we might have as to whether or not the accident really occurred would be eliminated by the physician's report, which reads thus: 'dismissed as to the *bruise* in the neck'. This constitutes an admission on the part of the State Fund, from which we infer that a trauma really existed. That in itself makes testimony unnecessary."

The Administrator argues here that this note could not properly be considered by the Commission as it was attached to the report in the case in the possession of the Administrator which was never introduced in evidence and which he therefore never had an opportunity to rebut and to explain. We do not pass on this alleged error, for reasons to be presently noted.

We assume that an accident such as that described by the workman occurred. Nevertheless, we are unable to find any testimony in the record on which the Commission could

have based its ruling. Both doctors who testified agreed that the accident could not have caused the disease. Yet this was the only theory which counsel for the workman advanced in support of his case.[1] And Martínez insisted throughout his own testimony that he had been perfectly healthy prior to the accident and had no symptoms of Hodgkin's disease before he was struck by the piece of wood, when he immediately "noticed a ball [mass] here . . .".

The Commission, although recognizing the fundamental error in its original resolution, chose to stand by its original conclusion on a theory of the case not advanced by the workman. Nevertheless, if there were any testimony, even if it were in contradiction of the workman's own testimony, which supported the last finding of the Commission, we would not interfere with its ruling. But the record is wholly silent on that subject. We find only a single question along that line addressed to the workman's own expert. The question and reply were as follows: ·

"Q. Let us assume the following: Suppose—not that we admit it—that he had the disease in a latent fashion, could the trauma have brought it out?

"A. If the trauma affected a bad gland, it may have caused an inflammation, and may have accelerated the swelling of that gland; if there is an injury, inflammation follows."

That reply, standing alone, is of course not a sufficient basis to support a decision that as a matter of fact Martínez was already suffering from Hodgkin's disease when the

---

[1] Counsel for the workman made an opening statement reading in part as follows:

"Mr. Commissioner, this workman suffered on October 25, 1940, an accident in which he received an injury in the left cervical region. He received treatment and was dismissed as cured on December 3. While the workman was subjected to treatment, from October 1940 to December 1941, he developed a lymphatic ailment which, as I understand, is known as Hodgkin's disease, which is a disease in the body lymphs. We pray that at this public hearing it be decided that the disease suffered by him after the accident was caused by such accident, and taking into consideration the nature of said disease, that he be adjudged in this case as totally and permanently disabled."

accident occurred, and that the accident accelerated the progress of the said disease. The facts of this case therefore do not justify recovery under the rule laid down in *Colón* v. *Industrial Commission,* 59 P.R.R. 842, 4, and in *Simpson Co.* v. *Industrial Com.,* 337 Ill. 454, 9 (1929). The facts herein are more akin to those found in *Hale* v. *State Highway Com.,* 262 Ky. 753 (1936).

The order of the Industrial Commission will be reversed.