STATE *v.* CARKHUFF.

(No. T25831—Decided February 24, 1971.)

Ashtabula Municipal Court, Ashtabula.

*Mr. R. Vaughn Tittle*, assistant city solicitor, for plaintiff.
*Mr. Michael J. Carkhuff*, for defendant.

OLSEN, J. The defendant in this case is charged with having operated an unsafe vehicle on State Route 45 in Saybrook Township, Ashtabula County, Ohio, on Tuesday, February 9, 1971, at approximately 3:15 p. m. in violation of R. C. 4513.02.

The evidence is uncontradicted that the defendant was observed operating a Snowmobile in the south bound lane of State Route 45 on said date at said time in Saybrook Township within the jurisdiction of this court. The evidence is uncontroverted that there was other traffic in addition to the highway patrol car on said highway at said time.

The first question to be answered is, is a Ski-Do, which is a type of Snowmobile (hereafter the court will refer to Snowmobiles to include the defendant's vehicle) a motor vehicle.

R. C. 4513.01 states that for definition we shall look to R. C. 4511.01. R. C. 4511.01 (a) provides that "vehicle means every device in, upon or by which any person or property may be transported or drawn upon a highway." It then excepts devices moved by power collected from overhead trolley wires or used exclusively upon stationary rails or tracks and excepts devices other than bicycles moved by human power.

The court, therefore, finds that a Snowmobile is a vehicle which transports persons or property other than by human power.

R. C. 4511.01 Section "B" provides that: "a motor vehicle means every vehicle propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires except road rollers, traction engines, power shovels, power cranes and other equipment used in construction work and not designed for or employed in general highway transportation. Hole-digging machinery, well-drilling machinery, ditch-digging machinery, farm machinery, trailers used to transport agricultural produce or agricultural production materials between a local place of storage or supply and the farm when drawn or towed on a public road or highway at a speed of twenty-five miles per hour, or less, threshing machinery, hay-baling machinery, and agricultural tractors and machinery used in the production of horticultural, floricultural, agricultural, and vegetable products."

With this definition, we find that a Snowmobile is a motor vehicle as defined by the Statute 4511.01 (b). As a word aside, R. C. 4501.01 (a) does not have the same definition of vehicle as R. C. 4511.01 (a). R. C. 4501.01 (a) provides that a vehicle means everything on wheels or runners. However, that definition is not applicable in the instant case, as we are confined to the definition of vehicle and motor vehicle as used in R. C. 4511.01 (a) and (b).

Having determined that a Snowmobile is under this definition, a motor vehicle, and this Snowmobile having been operated upon a state highway within the jurisdiction of this court, the court finds that it must then, by reason of such operation, comply with the safety standards

set forth for motor vehicles. The evidence is uncontradicted that the defendant's Snowmobile did not have the required number of headlights or tail-lights or brake-lights or braking system, horn, rear view mirror, windshield wipers, safety glass, turn signals, or type of exhaust system required.

There is no evidence to determine whether or not this Snowmobile did or did not have seat belts, although the court is not determining the issue as to whether or not the Snowmobile of the defendant is a passenger car, since no definition of passenger car appears to be set forth in R. C. 4511.01

It is interesting to note that courts have previously determined that golf carts, when driven upon a highway, are defined as motor vehicles. *Nepstad* v. *Randall*, S. D. 152 N. W. (2) 382. It is also to be noted that there is a case which says that a sled, a normal snow sled, is a vehicle qualified within the right of way statute when sliding by force of gravity and not being pulled by a person, *Davenport* v. *Robbins*, 370 S. W. (2) 929.

The court therefore holds that a Snowmobile is a motor vehicle when driven on the highway and must, therefore, qualify with the standards presently set up for motor vehicles to be safe upon the highway. This court realizes that Snowmobiles are not designed for use on the public streets or highways, however, the defendant in this particular case was operating a Snowmobile on a highway and the Snowmobile does not qualify as being a safe motor vehicle. It must, therefore, follow that the defendant is guilty of operating an unsafe motor vehicle on the highway contrary to R. C. 4513.02.