THE STATE OF OHIO, APPELLEE, *v.* FRANK, APPELLANT.

(No. C-800618—Decided July 29, 1981.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Leonard Kirschner* and *Mr. Steven Tolbert,* for plaintiff-appellee.

*Mr. Harvey B. Woods,* for defendant-appellant.

*Per Curiam.* This cause came on to be heard upon the appeal from the Hamilton County Municipal Court.

The defendant-appellant, Mary Ann Frank, seeks reversal of her conviction for driving while intoxicated in violation of R.C. 4511.19.[1] In the only assignment of error advanced in this appeal, she asserts that the finding of guilt entered upon her no contest plea in the court below was against the manifest weight of the evidence and contrary to law.

As a consequence of the no contest plea, the defendant-appellant conceded that she had been operating a late model

---

[1] The sentence meted out to the appellant included six days of incarceration, a fine of $150 plus costs, and a ninety-day suspension of her driving privileges. Execution of sentence was stayed pending our resolution of the appeal.

automobile on the parking lot of a shopping center in the early morning hours of April 26, 1980. When she was confronted by a police officer at that time, she freely admitted that she had been drinking and experienced great difficulty in producing the car keys and her driver's license.

After being arrested, the defendant-appellant submitted to a breathalyzer test, the results of which showed a concentration of alcohol in her blood of .19 percent by weight. Her general demeanor and her level of performance during several psychomotor tests further indicated to the arresting officer that she was clearly under the influence of alcohol.

In her argument on appeal, however, the defendant-appellant does not contest the fact that she operated a motor vehicle at a time when she was intoxicated. Rather, her challenge concerns the nature of the place where she was found operating the vehicle. She reasons that the statutory prohibition against driving under the influence applies only to the operation of vehicles on public streets and highways; it cannot extend to an incident such as that in the instant cause where the operation of the vehicle occurs on private property.

We cannot agree. R.C. 4511.19 defines the offense that the appellant was found to have committed in the following terms:

"No person who is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse, shall operate any vehicle, streetcar, or trackless trolley within this state."

There are no exceptions or limitations specifically carved out by the statute to this general prohibition. Furthermore, there is nothing to demonstrate that the statute was intended to have effect only with respect to conduct taking place on public streets and highways. To the contrary, the statutory scheme governing the operation of motor vehicles makes it clear that the General Assembly would have specifically stated the limitation if it had intended that the statute embrace only those instances of motor vehicle operation occurring on public thoroughfares.[2]

The general statutory prohibition appearing in R.C. 4511.19 serves a substantial state interest in the protection of human life.[3] It reflects a genuine concern for the considerable risk of physical injury that confronts both the intoxicated motorist and those persons who may unavoidably be caught in his path. See *State* v. *Drews* (M.C. 1970), 23 Ohio Misc. 370 [51 O.O.2d 395]. The state's interest does not subside when the intoxicated motorist ventures away from a public street or highway. The threat to human life remains in existence as long as the motorist continues to operate his vehicle. Although the facts of this case do not require us to determine the full reach of the statute, we are firmly convinced that the prohibition against drunken driving remains in force where, as here, operation of the vehicle takes place in the parking lot of a privately owned shopping center that is open to members of the general public.

Having determined that the facts admitted by the appellant by way of her no contest plea supported a finding of guilt under R.C. 4511.19, and that her conviction was otherwise in accordance with law, we conclude that the singular assign-

---

[2] That the legislature well understands how to limit the operation of its laws in this respect is evident from a comparison of R.C. 4511.19 and other sections of Chapter 4511 of the Revised Code. For example, R.C. 4511.20 is confined solely to the reckless operation of vehicles "on any street or highway without due regard for the safety of persons or property." In contrast, the subject of reckless operation of a vehicle on private property is specifically addressed in a separate statute. R.C. 4511.201.

[3] The prohibition also serves to further the state's interest in preventing damage to various forms of property.

ment of error presented to us is without merit. Accordingly, the judgment and sentence of the Hamilton County Municipal Court are affirmed.

*Judgment affirmed.*

BLACK, P. J., SHANNON and KEEFE, JJ., concur.