**Donald L. CAULKINS, Appellant,**

v.

**STATE of Alaska, DEPARTMENT OF PUBLIC SAFETY, DIVISION OF MOTOR VEHICLES, Appellee.**

No. S-1586.

Supreme Court of Alaska.

Oct. 9, 1987.

---

Allan Beiswenger, Soldotna, for appellant.

Paul S. Stahl, Asst. Atty. Gen., Anchorage, Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

■ In this appeal the court is asked to determine whether the Department of Public Safety may revoke the driver's license of an intoxicated person who operates a motor vehicle in a privately owned parking lot held open to the public. We conclude

that the Department has the authority to revoke the operator's license under AS 28.-15.165(c).

While sitting in the center of the seat of a pickup truck parked in a supermarket parking lot, Donald Caulkins twisted the ignition key, intending to turn on the truck's radio. The truck lurched forward and struck the supermarket entrance. Caulkins then moved into the driver's seat and backed the truck away from the building. He was arrested for driving while intoxicated. A test revealed a 0.17% alcohol concentration in his blood.

Alaska Statute 28.15.165(c) requires the Department of Public Safety to revoke the license of any person who operates a motor vehicle for which a driver's license is required when his blood alcohol level is 0.10% or more.[1] Because Caulkins had been twice convicted of driving while intoxicated within the last ten years, his license was revoked for a ten year period, the minimum prescribed by AS 28.15.181(c)(3) for third offenders.

Caulkins' challenge to the Department's revocation of his license was rejected by a hearing officer and, subsequently, by the superior court. This appeal followed.

■ Caulkins contends that a vehicle on private property is not "a vehicle for which a driver's license is required" within the meaning of AS 28.15.165(c). He points to AS 28.15.011(b), which provides that:

Every person exercising the person's privilege to drive, or exercising any degree of physical control *of a motor vehicle upon a highway, vehicular way or area, or other public property in this state*, is required to have in the possession of the person a valid Alaska driver's license issued under the provisions of this chapter for the type or class of vehicle driven, unless expressly exempted by law from this requirement.

1. Alaska Statute 28.15.165(c) provides:

(c) Upon receipt of a sworn report of a law enforcement officer that a chemical test under AS 28.35.031(a) produced a result described in AS 28.35.030(a)(2) ..., that notice under (a) of this section was provided to the person, and that contains a statement of the

circumstances surrounding the arrest and the grounds upon which the officer's belief that the person was driving while intoxicated a motor vehicle for which a driver's license is required was based, the department shall revoke the person's license....

(Emphasis added). Relying on the italicized language, Caulkins contends that a license is required only when a vehicle is operated upon a highway, vehicular way or area. Because a vehicular way is a place "other than a highway or private property," AS 28.40.100(a)(19), Caulkins argues that a driver's license is not required for a vehicle on private property. He therefore contends that the state has no authority to revoke his driver's license for intoxicated driving occurring on private property.

When viewed in context, the phrase "a motor vehicle for which a driver's license is required" refers to a type of motor vehicle, rather than to the vehicle's location. Driver's licenses are issued for particular types or classes of vehicles. AS 28.15.011(b). Similarly, the Commissioner of Public Safety provides by regulation for the licensing of a limited class of motor vehicles, including motor-driven cycles, cars, buses, trucks, and towed vehicles. 13 AAC 08.-150.

There are no licensing provisions for a number of other types of motorized conveyances which operate on public property, including motor boats operating on public waterways, and airplanes operating in public airspace. *Id.* The distinction is important in the context of AS 28.35.030, which prohibits the operation of "a vehicle, aircraft or watercraft while intoxicated." It appears that the legislature did not intend to revoke the driver's license of persons who operate an unlicensed vehicle, such as an aircraft or motorboat, while intoxicated. *See State v. Stagno,* 739 P.2d 198 (Alaska App.1987) (driver's license cannot be revoked for the operation of an airboat while intoxicated). Because the type of motor vehicle which the appellant drove—a pickup truck—was the type of vehicle for "which a driver's license is required" under 13 AAC 08.150, the Department was required to revoke the appellant's license.

Our conclusion is supported by the drunk driving statute. Former section 50-5-3, ACLA 1949, provided that: "[a]ny person who, while under the influence of intoxicating liquor or narcotic drugs, operates or drives any automobile, motorcycle, or other motor vehicle *upon any public street or highway in Alaska,* shall, upon conviction

thereof, be punished...." (emphasis added). The italicized language was eliminated in 1967. Ch. 121, § 1, SLA 1967. The House Judiciary Committee explained that:

> Under present law a person can be convicted of reckless driving or of driving under the influence of intoxicating liquor only if he is driving "upon a public street or highway." *This bill removes that condition, so that driving in a parking lot or other place likely to endanger the public would be covered.*

2 House Journal 537 (1967) (emphasis added). Thus for the last two decades it has been unlawful for an intoxicated person to operate a motor vehicle in any area of this state, whether the area is publicly or privately owned. *Accord, Conner v. State,* 696 P.2d 680, 683 (Alaska App.1985). *See* AS 28.35.030.

The legislature perceived that there is a significant threat of injury to others and to property when an intoxicated driver operates his vehicle on private lands. *Compare State v. Magner,* 151 N.J.Super. 451, 376 A.2d 1333, 1334 (1977) and *State v. Frank,* 2 Ohio App.3d 392, 442 N.E.2d 469 (1981), which found similar legislative purposes underlying similar statutes. The legislature evidently intended to impose the same sanctions for intoxicated driving on private as on public property. One such sanction is license revocation.

The judgment of the superior court is AFFIRMED.