OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties.
On October 13, 1996, Officer Richard Ashton of the Willoughby Police Department was on routine patrol during the early morning hours. At approximately 3:00 a.m., while traveling eastbound on Euclid Avenue, a four lane road, Officer Ashton observed a vehicle behind him in his rear and side view mirrors that was also traveling eastbound and that appeared to be straddling the double yellow center line. Officer Ashton stopped his patrol car in the curb lane to observe the operation of the vehicle approaching from behind. The approaching vehicle was being driven by appellant, James M. Baron.
According to Officer Ashton, appellant continued driving his vehicle over the center line until after he passed the officer, a distance of approximately one-half mile. Once appellant passed the patrol car, he wove into the curb lane and then returned to the left hand lane where he proceeded to make a left hand turn onto Biedler, crossing the center line of Biedler as he did so.
At that point, Officer Ashton decided to pull over appellant for suspicion of driving under the influence when appellant suddenly turned left into the parking lot of an auto body repair shop. Officer Ashton observed appellant exit his vehicle and walk towards the door of the repair shop. The officer identified himself as a police officer and asked appellant to stop. Appellant responded that he would return shortly, and he entered the building.
According to Officer Ashton, he began knocking on the door and, after approximately thirty to forty-five seconds, appellant opened the door. The officer noticed that appellant was having a difficult time standing without the support of the wall or the door of the building. Officer Ashton also detected a strong odor of alcohol about appellant. He then asked appellant his name and, when appellant responded, the officer noticed that appellant exhibited slurred speech. A series of field sobriety tests were administered on appellant which he failed without exception. Appellant was then placed under arrest for driving under the influence of alcohol.
Appellant filed a motion to suppress on December 31, 1996. The matter was assigned to a magistrate who heard evidence from both parties. On February 25, 1997, the magistrate overruled appellant's motion to suppress prompting appellant to change his plea to no contest. On April 3, 1997, appellant was found guilty by the trial court and sentenced accordingly.
Appellant timely filed a notice of appeal with two assignments of error. First, appellant contends that the trial court erred in overruling his motion to suppress because the State of Ohio failed to establish that the police officer had probable cause to follow appellant onto private property to effectuate a lawful arrest.
It must first be noted that counsel for appellant did not personally sign his appellate brief. Such action is frowned upon by this court as the attorney's signature indicates to the court that the attorney has read the document and believes there to be good ground to support the claims therein. However, despite counsel's failure in this respect, we will consider appellant's brief as if it had been properly signed.
It must also be noted that a magistrate does not have the authority to rule on a motion to suppress evidence. However, when a defendant fails to object to the referral or to file written objections to the magistrate's order pursuant to Crim.R. 19(C), the referral does not constitute reversible error. State v.Chagaris (1995), 107 Ohio App.3d 551, 553; State v. Getzy (Nov. 14, 1997), Lake App. No. 97-L-020, unreported, at 2-3. In the case sub judice, appellant neither objected to the referral nor to the magistrate's decision so we will address the case on its merits.
In the first assignment of error, appellant argues, in essence, that Officer Ashton did not have probable cause to stop or arrest appellant until after he followed appellant onto private property to continue his investigation. Thus, appellant claims that his constitutional rights were violated. We disagree.
We first note that reasonable suspicion to stop a vehicle is a distinct and separate legal burden from probable cause to make an arrest. State v. Wireman (1993), 86 Ohio App.3d 451, 454. InKirtland Hills v. Rufo (May 20, 1994), Lake App. No. 93-L-091, unreported, this court stated:
 "In order to justify an investigative stop, a police officer must be able to point to specific and articulable facts which, taken together with rational inferences from facts, reasonably warrant that intrusion. Terry v. Ohio
(1968), 392 U.S. 1, 21. The officer must have a reasonable belief and specific facts upon which a reasonable suspicion could be based that the person stopped was violating or about to violate the law. Id. The propriety of an investigative stop must be viewed in light of the totality of the circumstances. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus." Id. at 7.
In the present case, Officer Ashton testified that appellant continuously drove his vehicle over the double yellow line for a distance of approximately a half mile. He also stated that upon making the left hand turn onto Biedler, appellant crossed the double yellow line on that road. Thus, appellant violated R.C.4511.25(C) by driving left of center. By witnessing this violation, Officer Ashton had every right to stop appellant's vehicle as appellant's actions gave the officer a reasonable suspicion that appellant was violating the law.
A review of the suppression hearing transcript reveals that as he was turning the corner onto Biedler, the police officer had every intention of stopping appellant on the side street. However, appellant turned into the driveway of the auto repair facility before the officer had a chance to activate his overhead lights. The fact that Officer Ashton did not stop appellant prior to appellant entering private property does not negate the fact that Officer Ashton had reasonable suspicion that a violation had already occurred. Additionally, the officer acted properly in following appellant onto private property to further confirm his suspicions. R.C. 4511.19, which prohibits driving while under the influence of alcohol, does not distinguish between public and private property and courts have held that there is no difference.State v. Frank (1981), 2 Ohio App.3d 392, 393; State v. Hart (Dec. 23, 1997), Athens App. No. 97CA18, unreported.
Accordingly, the police officer had reasonable suspicion to stop appellant and, based upon his observations and the results of the field sobriety tests, he ultimately had probable cause to arrest appellant. Thus, appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the trial court erred in overruling his motion to suppress when the state lacked probable cause to enter private property to effectuate a warrantless misdemeanor arrest. Under this assignment of error, appellant argues that Officer Ashton improperly entered the auto body repair building without appellant's consent in order to further his investigation and gather additional evidence to provide probable cause to make an arrest.
Appellant testified at the suppression hearing that the arresting officer opened the door to the building and entered without the consent of appellant. To the contrary, the officer testified that he knocked at the door and that appellant willingly answered the knock and voluntarily complied with his request to step outside in order to participate in the series of field sobriety tests. It is well established that "the credibility of witnesses [is] primarily for the trier of the facts." State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. From a review of the magistrate's decision, it is clear that he believed Officer Ashton's version of the events rather than the story offered by appellant. This was within his discretion and we will not disturb his finding. Thus, we need not reach the issue of whether a police officer is authorized to enter a private building in order to effectuate an arrest.
Accordingly, the presumption upon which appellant's second assignment of error is based is not supported by the record. Hence, appellant's second assignment of error is also without merit.
The judgment of the trial court is affirmed.
WILLIAM M. O'NEILL, JUDGE.
CHRISTLEY, P.J., and NADER, J., concur.