DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jay Moran, appeals from the Wayne County Court of Common Pleas' denial of his motion to suppress and from his conviction for driving under the influence of alcohol ("DUI") in violation of R.C. 4511.19(A)(1) and 4511.19(A)(2). We affirm.
On February 13, 1997, Appellant was involved in an accident while operating a snowmobile in a field on his farm. The rescue squad was called to the scene. The rescue squad, in turn, contacted the Wayne County Sheriff's Department and requested that a deputy be sent to the scene of the accident. Deputy Rote responded to the call and arrived at the scene of the accident as Appellant was being transported to Akron City Hospital via the trauma unit helicopter.
A blood sample drawn at the hospital indicated that Appellant's blood alcohol content was .25 of one percent. Appellant was charged under R.C. 4511.19(A)(1), for operating a vehicle under the influence of alcohol, and R.C. 4511.19(A)(2), for operating a vehicle with a blood alcohol level of .10 of one percent or more.
After Appellant's motion to suppress was denied, he entered a plea of no contest. The trial court found Appellant guilty as charged and sentenced Appellant to fifteen days in jail (twelve of which were suspended, with the remaining time to be served in an alternative program), imposed a four-hundred dollar fine, and suspended his driver's licence for three years.
Appellant timely appeals. His third assignment of error, pertaining to implied consent under R.C. 4511.191, was withdrawn at oral argument. Two assignments of error remain for our review.
 ASSIGNMENT OF ERROR I
The trial court erred in failing to grant Appellant-Defendant's motion to suppress evidence obtained as a result of an illegal search.
Appellant contends that he had a reasonable expectation of privacy from government intrusion in his own field. Appellant argues that the deputy violated his Fourth Amendment rights when the deputy came upon Appellant's property and then proceeded to embark upon a criminal investigation after the emergency situation no longer existed.
There is no "search" where an inspection by police does not intrude upon a legitimate expectation of privacy. See Illinois v.Andreas (1983), 463 U.S. 765, 771, 77 L.Ed.2d 1003, 1010. A person loses an expectation of privacy in those areas which are exposed to the public. See United States v. Taylor (C.A. 4, 1996),90 F.3d 903, 908; State v. Taylor (1978), 61 Ohio App.2d 209, 212. It is a police officer's duty to enforce the law on private property as well as on public property. See United States v.Johnson (1977), 561 F.2d 832, 848. See, also, State v. Halczyszak
(1986), 25 Ohio St.3d 301, 306. "[P]olice officers are privileged to go upon private property when in the proper exercise of their duties." State v. Hart (Dec. 23, 1997), Athens App. No. 97CA18, unreported, 1997 Ohio App. LEXIS 5994, *8.
The accident occurred in a field accessible to and viewable by the public, where a person would have much less expectation of privacy than inside a private home. The deputy went upon the private property at the request of the rescue squad to render assistance to a person who was injured when driving a snowmobile while intoxicated. It was the deputy's duty to protect persons and property. See R.C. 311.07. While rightfully on the property in his official capacity in response to this emergency call, it was reasonable for the deputy to conduct an investigation of the snowmobile accident.
The deputy's accident investigation was not an infringement of Appellant's constitutional rights. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
Ohio Revised Code 4511.19(A) as applied in the case at bar violates Appellant-Defendant's substantive due process rights.
In his second assignment of error, Appellant complains that the DUI statute is not clearly defined and does not provide sufficient warning concerning proscribed conduct. Appellant asserts that an ordinary person would not believe riding a snowmobile on his own private property would subject him to the DUI laws.
It is well established that all legislative enactments enjoy a strong presumption of constitutionality, and that any assertion of unconstitutionality must be proved beyond a reasonable doubt by the challenging party. State v. Collier (1991), 62 Ohio St.3d 267,269. In order to prove that a statute is unconstitutionally vague, "the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law." State v. Anderson (1991),57 Ohio St.3d 168, 171.
R.C. 4511.19 clearly states:
 (A) No person shall operate any vehicle * * * within this state, if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse.
 (2) The person has a concentration of ten-hundredths of one per cent or more by weight of alcohol in his blood;
* * *
The Ohio Supreme Court has found this statute to be constitutional. See State v. Tanner (1984), 15 Ohio St.3d 1, syllabus. We do not find any ambiguity or confusion in its application under the circumstances of this case. The statute in question is clearly directed to persons under the influence of alcohol or a drug of abuse when operating "any vehicle." A snowmobile may be considered a vehicle. See R.C. 4511.01(A); R.C.4501.01. See, also Metropolitan P. L. Ins. Co. v. Kott (1980),62 Ohio St.2d 114, 115-16; Price v. Village of New Madison (Oct. 26, 1994), Darke App. No. 1348, unreported, 1994 Ohio App. LEXIS 4836, at *14; State v. Carkhuff (1971), 26 Ohio Misc. 216, 217.
It is also well-settled that the DUI statutes are directed towards prohibiting conduct anywhere "within this state" and are applicable on private property as well as public highways. Statev. McGlone (1991), 59 Ohio St.3d 122, 124. Accord State v. Gill
(1994), 70 Ohio St.3d 150, 153. The First District Court of Appeals examined this issue and found that:
 there is nothing to demonstrate that the statute was intended to have effect only with respect to conduct taking place on public streets and highways. To the contrary, the statutory scheme governing the operation of motor vehicles makes it clear that the General Assembly would have specifically stated the limitation if it had intended that the statute embrace only those instances of motor vehicle operation occurring on public thoroughfares.
 The general statutory prohibition appearing in R.C. 4511.19 serves a substantial state interest in the protection of human life. It reflects a genuine concern for the considerable risk of physical injury that confronts both the intoxicated motorist and those persons who may unavoidably be caught in his path. * * * The state's interest does not subside when the intoxicated motorist ventures away from a public street or highway.
State v. Frank (1981), 2 Ohio App.3d 392, 393. (Citations and footnotes omitted.)
The clear intent of the statute is that if a person is under the influence of alcohol or drugs, he or she should not be in a position of control of a vehicle — any vehicle, in any location. See State v. McGlone, supra. A person of ordinary intelligence is clearly informed that such conduct is prohibited by the express wording of the statute.
Appellant's second assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Wayne Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ LYNN C. SLABY, FOR THE COURT
QUILLIN, J.
DICKINSON, J., CONCUR