**COMMONWEALTH of Kentucky, Appellant,**

v.

**Mary A. MITCHELL, Appellee.**

Court of Appeals of Kentucky.

March 23, 1962.

John B. Breckinridge, Atty. Gen., Wm. A. Watson, Asst. Atty. Gen., for appellant.

(No counsel), for appellee.

STANLEY, Commissioner.

The Attorney General seeks a certification of the law (§ 352, Cr.Code of Practice) with respect to the right and power of police officers to set up "roadblocks" for the sole purpose of stopping motorists on the highway and requiring the production of an

operator's license. A subsidiary or dependent question is the admissibility in evidence that a driver did not have such license.

The appellee, Mary A. Mitchell, was cited by a state police officer to the Oldham Quarterly Court for driving a motor vehicle without an operator's license. It was there stipulated that the citation was based upon a "roadblock" by which state police had indiscriminately stopped all traffic for the purpose of ascertaining whether the particular law was being violated, and that the defendant did not have a license. The Quarterly Court dismissed the charge on the ground that the defendant's constitutional right of liberty had been violated by an illegal arrest or restraint and that the evidence obtained thereby was inadmissible. On appeal by the Commonwealth the Circuit Court affirmed the dismissal.

It is unlawful for anyone (subject to inapplicable exemptions) to operate a motor vehicle upon a highway unless he shall have previously secured an operator's license as prescribed. Ky.Rev.Stat. 186.410. The operator must have his license "in his immediate possession at all times when driving a motor vehicle and shall display it upon demand to * * * a peace officer, a member of the State Highway Patrol" or other officers. KRS 186.510. The penalty for a failure to display a license or furnish satisfactory proof that one had been issued is a fine of not less than $2 nor more than $500 or imprisonment for not more than six months or both. KRS 186.990(3). Many states have similar statutes. 5A Am. Jur., Automobiles and Highway Traffic, § 134; 60 C.J.S. Motor Vehicles § 157; 61 C.J.S. Motor Vehicles § 651; Annotation, 143 A.L.R. 1019. The Kentucky State Police (successors of the Highway Patrol, KRS 16.180) are vested with the powers of peace officers generally and are charged particularly with the duty of enforcing the motor vehicle and traffic laws of the Commonwealth. KRS 16.060.

It may be observed that stopping vehicles for the purpose stated is not under a particular statutory authority. It is claimed to be in the exercise of police duty in the enforcement of a statute.

The questions are: Is the practice of setting up a roadblock for motor vehicles for the purpose of requiring the driver to display an operator's license an invasion of the individual's constitutional freedom? Is the act an unlawful arrest or restraint or an illegal search contrary to § 10 of the Constitution? The question of admissibility of evidence, obtained solely and entirely by the procedure, that a driver did not have or display a license is determinable upon the answers to those questions.

Let it be emphasized that we are dealing here with systematic and indiscriminate stopping of all motor traffic on the highway for the good faith purpose of making inspections of drivers' licenses. Our decision may not be regarded as sanctioning the stopping of cars for the ostensible or pretended purpose stated when in reality it is actuated by an ulterior motive not related to the licensing requirement, or is done as a pretext or as a subterfuge for circumventing the constitutional provision against searches of persons and property without a valid warrant. We shall continue to condemn such an act. See 5A, Am.Jur., Automobiles and Highway Traffic, § 134; Cox v. State, 181 Tenn. 344, 181 S.W.2d 338, 154 A.L.R. 809. And we are not concerned here with a search of a vehicle which has been intercepted for the purpose of examining the license of the driver, for there was no kind of search in the present case or proffer of evidence obtained by a search.

In City of Miami v. Aronovitz, Fla., 114 So.2d 784, a motorist had been stopped by a roadblock set up on a street by Miami police and requested to exhibit his state driver's license. He displayed a license and was sent on his way. The Florida statute is practically the same as the Kentucky statute. The motorist brought a declaratory judgment action against the city and its officials, seeking a declaration of rights of freedom and an injunction against the

officers from continuing the practice. The contentions of his complaint were, in part, substantially the same as the contentions made in the case now before us. The Florida court noted that the owner of an operator's license exercises a privilege granted by the state and subject to reasonable regulation of the use of the highway common to all citizens. It held that the action of the police was within reasonable regulation of individual rights and was in the interest of the public good as an effective measure to compel the observance of the traffic laws and did not invade any constitutional right of the motorist.

■ Our court has likewise held that to operate a motor vehicle on a public road is not a natural or unrestricted right but rather is a privilege granted by the statute and subject to reasonable regulation under the police power of the state. Such a license is issued and accepted under the terms and conditions of the statute. Commonwealth v. Harris, 278 Ky. 218, 128 S.W.2d 579; Ballow v. Reeves, Ky., 238 S.W.2d 141; Sturgill v. Beard, Ky., 303 S.W.2d 908. The license is accepted on the condition and the implicit agreement that it will be displayed upon demand of proper officers. We would have a different case here had the appellee had a license to display, as did the complainant in the Florida case. She was cited to the court because she had no driver's license. So, the rule as to the condition attached to the issuance and acceptance of a driver's license does not apply. But the appellee, in using the highway, was, nevertheless, subject to the applicable statutory limitations and conditions regulating traffic.

■■ We do not think of the uplifted hand of a traffic officer stopping the movement of an automobile as being an arrest or illegal restraint. Nor can the practice or the particular action taken in the instant case be regarded as exercising "arbitrary power over the lives, liberty and property of freemen," which power is denied by § 2 of our Constitution. While personal rights of freedom of movement will certainly not be lightly regarded, there must always be a balancing of private right against public interests and welfare. There must always be a logical appreciation of the demands of public safety to which an individual's personal liberties must yield when such yielding is not of an inalienable right or one that is vital but is merely an inconvenience. It is settled that the enjoyment of many personal rights and freedoms is subject to many kinds of restraints under the police power of the state, which includes reasonable conditions as may be determined by the governmental authorities to be essential to the safety, good order and public welfare of the people. Mansbach Scrap Iron Co. v. City of Ashland, 235 Ky. 265, 30 S.W.2d 968; 11 Am.Jur., Constitutional Law, §§ 267, 274, 331; 33 Am.Jur., Licenses, §§ 20, 52; 16 C.J.S. Constitutional Law § 199(3)b. Regulating and licensing motor vehicles is a valid exercise of the police power. Smith v. Commonwealth, 175 Ky. 286, 194 S.W. 367; Whitney v. Newbold, 270 Ky. 209, 109 S.W.2d 406.

We have an analogous case in Commonwealth v. Abell, 275 Ky. 809, 122 S.W.2d 757. We therein held that there was no invasion of liberty in police officers' requiring a loaded motor truck to be driven upon scales to be weighed for the purpose of ascertaining whether it exceeded the maximum limit prescribed by law. The truck was found to be overweight, and the driver was fined. Upon reason and authority we held there was no illegal search and seizure within the meaning of § 10 of the Constitution and that the evidence relied upon for conviction was not within the protection of § 11, providing, in effect, that in criminal prosecutions the accused cannot be compelled to give evidence against himself.

If stopping motorists indiscriminately by police officers for the good faith purpose of inspecting or asking for the exhibition of a driver's license were not permitted, the licensing law would break down and become a nullity, and the objective of promoting public safety from irresponsible automobile-

drivers would be seriously impeded. There would be but few occasions where an officer could otherwise learn that the law was being violated.

We hold the action of the police officers in this case was lawful. It follows as a matter of course that evidence obtained thereby is competent and admissible, hence, that the view of the circuit court with respect to the illegality of the procedure is erroneous.

The law is so certified.