**Clarence ROE and Benjamin Roe, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 1, 1966.

J. D. Atkinson, Jr., Greenup, for appellants.

Robert Matthews, Atty. Gen., H. N. Mc-Tyeire, Asst. Atty. Gen., Frankfort, for appellee.

WILLIAMS, Judge.

Appellants were arrested April 18, 1965, on their farm in Greenup County, Kentucky, and indicted on a charge of operating a nudist society without a license. At the time of the arrest both appellants, the wife of one, and their children were in the back yard in the nude preparing to begin a church service. This area was visible from the road, and there were at least four cars of "sightseers" parked along the road. Appellants had circulated an application for membership in their "church" and they had solicited people to become members, but no one had joined. A sign warning people of the nudist church had also been posted on the road to the farm. The record indicates that appellants were sincere in their belief that they had been called to establish a new church.

Appellants did not have a license to operate a nudist society nor were the premises surrounded by a 20-foot high wall as is required by KRS 232.020–030.

Appellants demurred to the indictment on the grounds that the statute upon which the indictment is based is violative of their freedom of religion as guaranteed by the Kentucky and United States Constitutions, and also that the statute denies appellants due process of law. This motion and later motions for a directed verdict by appellants were overruled and the case was submitted to a jury which found appellants guilty and fined each of them $1,000. Appellants have now appealed from that conviction.

KRS Chapter 232, reads as follows:

"232.010. As used in this chapter, 'nudist' means any person who displays any part of his private person naked before persons of the opposite sex, not his husband or wife, at their solicitation or with their consent, for religious or health purposes."

"232.020. No person shall own or operate a nudist society unless he first secures a license from the Department of Revenue and pays an annual tax of one thousand dollars."

"232.030. No person shall operate a nudist society without first building a wall twenty feet in height, made of brick, stone or cement around the premises on which the society is located."

"232.040. Every nudist society shall be inspected by such persons and at such times as may be deemed necessary by the Attorney-General."

"232.050 The owner, operator or other person in charge of a nudist society shall keep a register of the names and addresses of all persons who enter the society. The register shall be open to inspection at all times to the proper authorities."

"232.990. Any person who violates any of the provisions of this chapter shall be fined not less than one thousand dollars."

■ We do not reach the contention that the legislation violates freedom of religion for the reason we find it an unreasonable exercise of the police power.

■ The police power is an indispensable, essential attribute of sovereignty; an inherent power of the state. It is the least limitable of governmental powers, and courts have been unwilling definitely to circumscribe it. The basic standard by which the validity of all exercise of the police power is tested is that it extends only to such measures as are reasonable. It has been said that the *only* limitation upon the exercise of the police power is that such exercise must be reasonable. See 16 Am. Jur.2d, Constitutional Law, sections 259, et seq.

In Workmen's Compensation Board v. Abbott, 212 Ky. 123, 278 S.W. 533, 47 A.L.R. 789 (1925), this Court said:

"* * * The right of the Legislature to declare what is a proper public policy, so as to authorize its being dealt with under the police power, seems to be limited only by the consideration that its action in the matter may not be arbitrary, but must be rested upon some tangible and reasonably clear public purpose to be served, and which has a reasonably substantial tendency to further the interest of the public welfare. * * *"

■ The legislature has seen fit to include nudist societies within the realm of activities which may properly be regulated under the police power. There is no contention they do not fall within that scope. Perhaps they could have been prohibited altogether, but the fact is they were not. The question before us then is whether the statutes regulating them are unreasonable. It was held in State Racing Commission v. Latonia Agricultural Association, 136 Ky. 173, 123 S.W. 681, 25 L.R.A.,N.S., 905 (1909):

"* * * Whether the end justifies the means is exclusively for the legislative discretion. Whether the means bear a pertinent and reasonable relation to the end may be looked into by the courts so far only as to determine the fact of pertinency and reasonableness. Only when the means adopted are manifestly unreasonable and oppressive, or bear no logical relation to the object of the legislation, are the courts at liberty to declare the act unconstitutional. * * *"

We look to the legislation under consideration. KRS 232.030 requires a masonry wall 20 feet high around the premises on which a nudist society is located. In this case the appellants were attempting to operate a nudist society on their farm. To build a 20-foot masonry wall around the perimeter of the farm would undoubtedly be prohibitive. It seems obvious to us that privacy could be obtained by the exercise of far less stringent measures.

■ KRS 232.020 provides that an annual license tax of $1,000 be paid before a nudist society may be owned or operated. The Attorney General is authorized to inspect every nudist society at such times as he deems necessary. The purpose of a license tax imposed under the police power is to compensate for issuing the license and for supervising the licensee. The cost of issuing a license by the Department of Revenue would be minimal, and the Attorney General's expense occasioned by necessary inspections should not approach the amount exacted from each nudist society.

It is a well-known rule of law that a license fee imposed under the police power must not be so large as to create the imputation of a revenue measure. The fee must be sufficient only to meet the expense of issuing the license and supervising any necessary regulatory measures. In City of Henderson v. Lockett, 157 Ky. 366, 163 S.W. 199 (1914), we said:

"* * * But, where a license fee is imposed under the police power, the fee exacted must not be so large as to charge the ordinance with the imputation of a revenue-producing purpose. The fee that may be imposed under the police power is one that is sufficient only to compensate the municipality for issuing the license and for exercising a supervision regulation over the subjects thereof. Anything in addition to this amounts to a tax for revenue, and cannot be upheld as a valid exercise of the police power. What is a reasonable fee is a question of fact, depending upon the particular circumstances * * *."·

See also Reeves v. Adam Hat Stores, 303 Ky. 633, 198 S.W.2d 789 (1946); Martin v. City of Greenville, 312 Ky. 292, 227 S.W. 2d 435 (1950).

We note in passing that KRS 232.010, construed literally, would define as a nudist a female patient who undergoes an examination by a male physician.

A consideration of the entire legislation pertaining to nudist societies conclusively shows that the regulatory provisions set out· therein are so unreasonable as to be prohibitive. The fact that a person seeking to own or operate a nudist society must pay a $1,000 license tax each year and build a 20-foot brick, stone or cement wall around the entire premises, effectively precludes the existence of a nudist society altogether. The legislature did not see fit to prohibit the existence of nudist societies but merely sought to regulate them. Having done so, the regulations should have been reasonable. We feel they were not and,

consequently, must declare the act unconstitutional.

For the reasons heretofore stated, the judgment assessing a fine of $1,000 against the appellants is void.

The judgment is reversed.