THE STATE OF OHIO *v.* DREWS.

[Cite as State v. Drews (1970), 23 Ohio Misc. 370.]

(No. C-27521—Decided March 9, 1970.)

Municipal Court of Hamilton County.

*Mr. Ralph Cors,* prosecutor, and *Mr. J. William Duning,* for plaintiff.
*Mr. Morris G. Sullivan,* for defendant.

KRAFT, J. The defendant has challenged R. C. 4511.19 which is commonly referred to as the drunken driving statute. The defendant claims this section is unconstitutional as being an unreasonable interference with the private rights of the individual and having no reasonable relationship to the health, welfare and safety of the general public. He takes this position because he says this is a section dealing with a traffic matter. That the section as it currently reads prohibits the act of operation of the vehicle *anywhere* in the state, be it on public or private property, if under the influence of alcohol and that this restriction is unreasonable, arbitrary and capricious. He argues that this section could be modified to prohibit the act on highways and streets and that it would then be a reasonable restraint on the individual's rights.

A comprehensive review of the question involved in this case can be found in 29 A. L. R. 3d 938, "Applicability to Operation of Motor Vehicle on Private Property, of Legislation Making Drunken Driving a Criminal Offense." However, there appears to be no reported case in Ohio dealing specifically with the issue raised in this demurrer since the effective date of the current section, which is January 1, 1968. In reviewing the history of the statute dealing with drunken driving, it becomes clear to the court that the Legislature knew perfectly well the scope of the current section when it was passed. The various modifications of this section have undoubtedly been influenced by a combination of court decisions and changing problems dealing with the use of the automobile.

Laws are a codification of the mores of the times. They should and do reflect the manner, mode and customs of society at a given period as well as the desires of society to accomplish peaceful, orderly changes to meet changing needs.

The section in question has been modified and amended numerous times until currently it prohibits the operation of a motor vehicle *anywhere* in the state while the individual is under the influence of alcohol.

This court is satisfied that the Legislature meant exactly what the statute says; if the person is under the influence, he or she shall not operate a vehicle, be it on highways and streets, private property where the public is usually invited or private property where the public is not invited.

This leaves the final and most important question raised by the defendant. Does this prohibition constitute such an unreasonable restraint upon the conduct of the individual that it violates his constitutional rights.

The words, "under the influence of alcohol" mean that the accused must have consumed some intoxicating beverage in such quantity that its effect on him was to adversely affect his actions, reactions, conduct, movements or mental processes, in such manner as to deprive him of that clearness of intellect and control of himself which he

would have otherwise possessed under the circumstances then existing.

The prohibitions of the statute in question are directed toward the condition of the operator and an intoxicated person should not be permitted to operate automobiles anywhere because of the potential danger of such instrumentalities.

It is apparent that the Legislature appreciated the menace of the drunken driver to all persons no matter where they might happen to be. The Legislature obviously intended to safeguard the rights of all persons who might be endangered without limitation to those on public ways. The Legislature obviously intended to regard the intoxicated driver as one who should be denied wholly the right to operate a motor vehicle, and with this the court concurs.

Statistics reveal that in 1969 more than 56,000 Americans died in traffic accidents, this is a greater number of Americans than have been killed in the Vietnam War since its inception. The statistics reveal further that drinking accounted for the death of about 30,000 of the 56,000 killed. These shocking figures serve to reinforce this court's belief that the Legislature knew what it was doing in making this statute all-inclusive and believes that the statute in issue is a proper subject for legislative enactment—in its present form.

The court therefore concludes that R. C. 4511.19, prohibiting the operation of motor vehicles *anywhere* within the state be it on public or private property, is a reasonable restraint upon the actions of individuals, is not capricious and does not violate the constitutional rights of the defendant.

*Demurrer overruled.*