Dennis LYLE, Appellant,

v.

SWANKS AND MADISON STANDARD SERVICE STATION, Appellee.

Court of Appeals of Kentucky.

Feb. 2, 1979.

**428**

Victor E. Tackett, Louisville, for appellant.

Lee E. Sitlinger, Jr., Louisville, for appellee.

Before HOGGE, VANCE and WHITE, JJ.

VANCE, Judge:

This is an appeal from the order of the Jefferson Circuit Court dismissing appellant Dennis Lyle's complaint for personal injuries on the basis that Lyle could not maintain such an action due to the limitations on his tort rights imposed by KRS 304.39-010 *et seq.* (The Motor VEhicle Reparations or No-Fault Insurance Act.)

The facts are not in dispute. Lyle was injured while attempting to have his automobile jump-started at appellee Swanks and Madison Standard Service Station. He had positioned himself between his car and the service station vehicle, and an employee of the station had attached the jumper cables and had started the station's vehicle when, due to the station's vehicle being left in gear, it lurched forward pinning Lyle between the two vehicles. Although later admitting that he had neither rejected no-fault limitations on his tort rights, nor met the thresholds prescribed by KRS 304.39-060(2)(b), Lyle filed suit for his personal injuries. The specific question decided in the negative by the trial court was whether a person otherwise subject to the limitations on his tort rights, and admittedly not having met any of the thresholds of KRS 304.39-060(2)(b), could still maintain a common law action for personal injuries solely because *the accident causing injury* occurred on private property.

On appeal, Lyle contends that the trial court's dismissal of his complaint was error because the limitations on tort rights imposed by KRS 304.39-010 *et seq.* are not applicable when the action occurs on private property, and because such a ruling constitutes a denial of his rights to equal protection of the laws.

Lyle argues that the lack of reference to private property and the particular use and emphasis of the term "public roadways" in KRS 304.39-010 *et seq.* makes it clear that the legislature intended that the limitations only apply to accidents occurring on a public roadway. However, we believe that the term "public roadway" as used in KRS 304.39-060(1), the section of the no-fault law cited by Lyle in support of his interpretation, merely defines where a motor vehicle must be "operated, maintained, or used" in order for the law to imply one's acceptance of the limitations on his tort rights. KRS 304.39-060(1) provides in part:

(1) Any person who registers, operates, maintains, or uses a motor vehicle on the public roadways of this commonwealth shall, as a condition of such registration, operation, maintenance or use of such motor vehicle and use of the public roadways, be deemed to have accepted the provisions of this subtitle, and in particular those provisions which are contained in this section.

The entire purpose of this provision is to state that as a consequence of the use of the public roadways of this Commonwealth one will be deemed to have accepted the Act's provisions. No attempt is made to say where an accident must occur before the limitations on tort rights imposed by the Act will apply.

However, in KRS 304.39-030(1) and (2), where the conditions under which a person is entitled to basic reparations benefits are set forth, accidents and the place of their occurrence are specifically mentioned without distinguishing between public roadways and private property. KRS 304.39-030(1) provides for benefits unless tort limitations have been rejected in the event an ". . . accident causing injury occurs in this commonwealth . . . arising out of maintenance or use of a motor vehicle." KRS 304.39-030(2) makes provisions for basic reparation benefits for certain persons or survivors, "[i]f the accident causing injury occurs outside this Commonwealth but within the United States, its territories and possessions, or Canada." In our opinion, if the legislature had intended to restrict the

limitation on tort rights to accidents occurring on specific types of roadways, it would have done so in these sections which draw the geographic boundary lines for entitlement to basic reparation benefits. In any event, the fallacy of Lyle's argument is readily apparent by reference to his contention that the legislature intended the limitations to apply only to accidents occurring on public roadways *in this Commonwealth,* when in fact the statute clearly allows for accidents to occur well beyond the boundaries, not only of Kentucky, but also the United States.

Similarly untenable is his argument that the dismissal of his complaint constitutes a violation of his right to equal protection of the laws. Such an assertion was laid to rest in *Fann v. McGuffey,* Ky., 534 S.W.2d 770 (1975), based on the theory of implied consent.

The judgment is affirmed.

All concur.