**DEPARTMENT OF ALCOHOLIC BEV-ERAGE CONTROL; Edward A. Farris; Donald B. Grugin; and Martin J. Hogan, Appellants,**

v.

**LIQUOR OUTLET, INC., Appellee.**

Court of Appeals of Kentucky.

July 24, 1987.

Discretionary Review Denied
by Supreme Court Sept. 15, 1987.

Catherine C. Staib, Frankfort, for appellants.

Kenneth S. Handmaker, Louisville, for appellee.

Before HAYES, REYNOLDS and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from a declaratory judgment of the Jefferson Circuit Court construing the language of KRS 244.300. On appeal the Department of Alcoholic Beverage Control contends that the trial court erred as a matter of law in determining that KRS 244.300 permits the use of bank credit cards to purchase distilled spirits and wine from a retailer licensed to sell liquor and wine by the package. We agree and reverse the judgment of the circuit court.

The parties to this appeal brought the action below seeking an interpretation of KRS 244.300, which states in pertinent part:

No retailer of distilled spirits and wine shall sell, deliver or give away, or cause, permit or procure to be sold, delivered or given away any distilled spirits or wine on credit, except that a bona fide private club, restaurant or hotel holding a license may sell on reasonable credit to its members, customers or registered guests; provided, however, sales by retail drink when purchased at a restaurant which

receives fifty percent (50%) or more of its gross annual income from the sale of food and has a minimum seating capacity of fifty (50) people at tables may be made by use of national or bank credit cards wherein the credit card company has agreed to payment to the licensee for such charges. However, nothing in this section shall be construed to authorize a licensee to issue his own credit cards or extend a personal credit to patrons.

The trial court limited the issue to the question of whether "the acceptance of a national or bank credit card charge by a retail package licensee as payment for the purchase of distilled spirits or wine constitutes a sale on credit by said retailer in violation of KRS 244.300." Following an evidentiary hearing on the question the trial court found that "in today's monetary market there is no practical nor economic distinction between the use of a plastic [credit] card as opposed to a paper check"; and that the use of credit or debit accounts, being indistinguishable, should be interpreted as cash transactions in the business community. Accordingly, the court ruled the use of a bank credit card is not a sale on credit in violation of the statute, and the Department of Alcoholic Beverage Control must consider payment by bank credit card for package store purchases of distilled spirits or wine as a cash sale, in compliance with KRS 244.300. This appeal followed.

■ The sole issue on appeal is whether the trial court erred in construing the statute. The appellee argued, and the circuit court apparently agreed, that the question of what constitutes "credit" under the statute must be determined in light of accepted modern business and banking principles. It is true that nontechnical terms, in the absence of a specific statutory definition, are to be construed according to the common and approved usage of language. *See* KRS 446.080(4); *Claude N. Fannin Wholesale Co. v. Thacker*, Ky.App., 661 S.W.2d 477, 480 (1984). The overriding consideration in interpreting statutory language, however, is the intent of the legislature, to be determined from the meaning expressed or reasonably implied in the language contained in the statute. *See Commonwealth v. Carroll County Fiscal Court*, Ky.App., 633 S.W.2d 720, 722 (1982). Where the intended meaning of a statutory term is clear from the language of the statute as a whole, that term must be construed in accordance with the legislative intent, regardless of whether the term may have another meaning in common usage. In construction of a statute, all arguments concerning how a term ought to be interpreted must fail where it is evident that the legislature has given the term a particular meaning.

■ In this case the legislature clearly intended the use of a bank or national credit card to fall within the meaning of "credit," as indicated by the language of the statute as a whole. The statute prohibits the general sale of distilled spirits and wine on credit by a retail licensee, with two specific exceptions: (1) private clubs, hotels and restaurants may sell on reasonable credit to members, customers and registered guests, and (2) certain qualified restaurants may accept national or bank credit cards in payment for liquor or wine by the drink. Had the legislature not intended that the use of a national or bank credit card be considered a credit sale, there would be no reason to specifically exclude credit card sales from the conduct prohibited by the statute under certain limited circumstances. Furthermore, the enumeration of the particular instances in which credit card sales are permitted, by a familiar rule of statutory construction, is held to evince an intent that such sales are excluded in other instances. *Cf. Louisville Water Co. v. Wells*, Ky.App., 664 S.W.2d 525, 527 (1984).

It may be that the holding of the trial court would result in a more consistent and reasonable public policy; however, "the wisdom or folly of legislative enactments, within constitutional bounds, cannot be weighed in the judicial construction of a statute free from ambiguity." *Clark v. Riehl*, 313 Ky. 142, 230 S.W.2d 626, 629 (1950). Such considerations are better presented to the legislature in order to persuade that body to change the statute.

Until such time as that change is brought about, we must enforce the statute as written. We conclude that the use of a bank or national credit card as payment for distilled spirits or wine purchased from a retail package licensee is prohibited by KRS 244.-300.

The judgment is reversed.

Further, pursuant to 2(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

REYNOLDS, J., concurs.

HAYES, J., dissents.

HAYES, Judge, dissenting.

I respectfully dissent. I find no error in the trial court's conclusion that there is no distinction made by the average retailer or customer between "cash" and bank credit cards. Furthermore, if county officials may accept credit card payments in lieu of cash as required by statute, as I am aware that they do, then there is precedent in this Commonwealth for treating cash and credit cards as synonymous. Payment for liquor by bank credit card is not the extension of credit by the retailer to the customer prohibited by KRS 244.300.