Joseph LYNCH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 94–SC–338–DG.

Supreme Court of Kentucky.

April 20, 1995.

Rehearing Denied Aug. 24, 1995.

James R. Early, Lexington, for appellant.

Chris Gorman, Atty. Gen., David W. Mossbrook, Sp. Asst. Atty. Gen., Lexington, for appellee.

REYNOLDS, Justice.

The issue for decision is whether the prohibition against operating or being in physical control of a motor vehicle anywhere in this state while under the influence of alcohol is a valid legislative exercise of police power.

The appeal arises from a jury trial wherein appellant was found guilty of operating a motor vehicle under the influence of intoxicants (KRS 189A.010). The judgment of the district court was affirmed by both Fayette Circuit Court and the Court of Appeals. This Court granted discretionary review.

Appellant had finished work and returned to his home situated on agricultural property

which is reached by a private driveway (one-quarter of a mile or more) from the public road to the dwelling. A confrontational argument at the home ensued, which resulted in the placing of a 911 telephone call. Appellant, while continuing to drink intoxicants, then operated his motor vehicle from the dwelling to approximately halfway down the drive, where he encountered two police vehicles which had entered the driveway. From observation and testing, Lynch was arrested for driving under the influence and the officers furthered their investigation of the 911 call. Appellant's subsequent blood test disclosed a 0.12 percent blood alcohol content.

Mr. Lynch was charged and convicted for a violation of KRS 189A.010(1). A progression of the DWI legislation, with factors involved in this case, is as follows: The 1946 statute (KRS 189.520[2]) stated: "No person shall operate a motor vehicle on a highway while under the influence of intoxicating liquors or narcotic drugs."

Thereafter in 1968, legislation pertaining to impaired driving (KRS 189.520[2]) was amended to state: "No person shall operate a motor vehicle anywhere in this state while under the influence of intoxicating beverages or any drug which may impair one's driving ability."

■ The language above remained substantially the same at the time the statute was redesignated in 1984 as KRS 189A.010(1). The current statute, 189A.010(1) was amended in 1991, and is as follows:

(1) No person shall operate or be in physical control of a motor vehicle anywhere in this state:

(a) While the alcohol concentration in his blood or breath is 0.10 or more based on the definition of alcohol concentration in KRS 189A.005;

(b) While under the influence of alcohol;

(c) While under the influence of any other substance or combination of substances which impairs one's driving ability; or

(d) While under the combined influence of alcohol and any other substance which impairs one's driving ability.

The legislature, by effectuating a change in the language from *upon a highway* to *anywhere in this state,* explicitly intended to extend the prohibition against driving while intoxicated beyond the public highways so as to include the entire state.

Appellant argues that there are other traffic statutes which appertain to and use the term "public highway," and therefore create confusion with the phrase "anywhere in this state." The fallacy of Lynch's argument is readily apparent by reference to his contention that the legislation intended the limitations to apply only to driving or operating a motor vehicle on public roadways in this Commonwealth, when clearly the statute imposes no limitation. *Lyle v. Swanks and Madison Standard Service Station,* Ky.App., 577 S.W.2d 427 (1979).

The meaning of the statutory term "anywhere in this state" appears most clear from the language of the statute and, as a whole, is to be construed in accord with the intent designed by the legislature. *See Department of Alcoholic Beverage Control v. Liquor Outlet, Inc.,* Ky.App., 734 S.W.2d 816 (1987). The term "anywhere" is not unfamiliar or without prior use. The term "anywhere" is synonymous with "anywhere in this state."

■ The words employed in the statute are to be given their ordinary meaning. The language of the statute is both unambiguous and plain and is to be given effect as written. *Griffin v. City of Bowling Green,* Ky., 458 S.W.2d 456 (1970). When the plain wording of the present statute is compared with that of the statutes prior to 1968, the obvious legislative intent is to change the term "operate a motor vehicle on a highway" to "operate a motor vehicle anywhere in this state." *Lincoln County Fiscal Court v. Department of Public Advocacy, Comm. of Kentucky,* Ky., 794 S.W.2d 162 (1990); *Commonwealth v. Shivley,* Ky., 814 S.W.2d 572 (1991).

KRS 189A.010(1) is sound legislation when viewed from the increased number of motor

vehicles and multiplicity of accidents which, without elaboration, makes the careful operation of vehicles a matter of public concern. It was succinctly stated in a Court of Appeals' opinion, which one could not improve upon, that KRS 189A.010 is crystal clear. If you consume alcohol or any other substance that impairs your driving ability, then you have an obligation to cease driving. *Cruse v. Commonwealth,* Ky.App., 712 S.W.2d 356 (1986).

A statute of this type is not just a road regulation, but a prohibition against an intoxicated person's driving an automobile, which may be an act dangerous to the public wherever it may occur. It is further true because of jeopardy to the life/safety of the driver himself.

■ There remains a most important question raised by appellant. Does the prohibition constitute an unreasonable restriction upon the conduct of the individual wherein it violates his constitutional right with regard to privacy and the right of a party to do as he pleases on his own property? This statute is not unbridled government decision making, as it is not a law restricting individual freedom without any relation to a valid public interest. To the contrary, it exemplifies a common theme with many jurisdictions relating to the magnitude and import of such a statute. It is not violative of Section 2 of the Kentucky Constitution. Although the offense may be committed on a public highway or wherever the statute makes it a criminal offense to operate or control a motor vehicle under the influence of intoxicants anywhere in the state, the place of operation is not a material element of the offense.

■ It is generally recognized that a law prohibiting a person from driving a motor vehicle while intoxicated is a remedial statute. Such a statute may be liberally interpreted in favor of the public interest and against the private interest of the driver involved. *State, Dept. of Public Safety v. Juncewski,* 308 N.W.2d 316 (Minn.1981). A plethora of jurisdictions have held it reasonable to construe "elsewhere throughout the state" to encompass all areas of the state, public or private, and forthrightly recognized that the danger posed by the intoxicated driver is not lessened by characterizing the property on which he is driving or in control of a motor vehicle as public or private. *State v. Novak,* 338 N.W.2d 637 (N.D.1983). An intoxicated person should not be permitted to operate automobiles anywhere because of the potential dangers of such instrumentalities. One in such condition may not remain off the highway; actually he might injure others in other places. *Farley v. State,* 251 Miss. 497, 170 So.2d 625 (1965).

It would be absurd to say that a person driving or operating a motor vehicle while intoxicated or under the influence of intoxicating liquors or narcotic drugs was not guilty of a violation of the statute under consideration merely because at the moment such person was stopped he happened to be either on or near a private roadway instead of a public street, because no one can say when such a person, while in a befuddled state of mind as a result of his or her condition, will leave the private road and pursue a mad course down a public highway with the resulting damage so frequently reported. *State v. Carroll,* 225 Minn. 384, 31 N.W.2d 44 (1948). The prohibitions of the statute in question are directed toward the condition of the operator. An intoxicated person should not be permitted to operate an automobile anywhere because of the potential dangers of such instrumentalities. *State v. Drews,* 23 Ohio Misc. 370, 261 N.E.2d 357 (1970).

■ Our decision may not be regarded as sanctioning an unwarranted invasion of a person's private property for an ostensible purpose and without probable cause when, in reality, an intrusion upon private property may be actuated by some motive not related to the purpose of the statute or as an additional subterfuge for circumventing the constitutional provision against the search of property without a valid warrant. Personal rights of freedom of movement (privacy) will

not be lightly regarded. There continues to be a balancing of private right against public interest and welfare. There is a heightened, as well as a logical, appreciation of the demands of public and personal safety to which an individual's personal liberties must yield when such yielding is not of an inalienable right. We simply restate that the enjoyment of many personal rights and freedoms is subject to many kinds of restraints under the police power of the state, which includes reasonable conditions as may be determined by governmental authority to be essential to public welfare, safety, and good order of the people. *Mansbach Scrap Iron Company v. City of Ashland*, 235 Ky. 265, 30 S.W.2d 968 (1930); *Commonwealth v. Mitchell*, Ky., 355 S.W.2d 686 (1962).

The opinion of the Court of Appeals is affirmed.

LAMBERT, J., PAUL K. MURPHY, Special Justice, and SPAIN and WINTERSHEIMER, JJ., concur.

LAMBERT, J., concurs by separate opinion in which REYNOLDS and SPAIN, JJ., join.

STEPHENS, C.J., dissents by separate opinion in which STUMBO, J., joins.

LAMBERT, Justice, concurring.

The dissenting opinion presents a parade of horrors which it predicts will flow from the majority opinion. The dissent regards this as a case of governmental intrusion into the lives of Kentucky citizens and extravagantly predicts the virtual demise of the Fourth Amendment to the Constitution of the United States. Actually, this case is not nearly so dramatic.

What happened here is that a domestic disturbance occurred at appellant's home which resulted in a 911 call to the police. When the police responded, they encountered appellant on his own property operating a motor vehicle under the influence of intoxicants. Appellant was arrested and sub-sequently convicted of violating KRS 189A.010(1) which proscribes operating a motor vehicle under the influence of intoxicants "anywhere in this state." Quite clearly the purpose of the statute is personal and public safety. As the statute was amended to eliminate the "public highway" requirement and more broadly proscribe intoxicated operation of motor vehicles, the General Assembly must be presumed to have intended the result it achieved. The constitutional analysis we make must be to determine whether there is an arbitrary exercise of power "over the lives, liberty and property of freemen...." KY CONST. § 2; *Commonwealth v. Mitchell*, Ky., 355 S.W.2d 686 (1962); *see also Commonwealth v. Shivley*, Ky., 814 S.W.2d 572 (1991); *see generally Roe v. Commonwealth*, Ky., 405 S.W.2d 25 (1966).

There could be no serious contention that one may not endanger himself or others by operating a motor vehicle under the influence of intoxicants even on private property. As such, the General Assembly had an ample basis for the statute it wrote. While traditional concepts of private property and its significance continue to be of great importance, an owner of private property is not licensed to engage in all sorts of proscribed conduct thereon but remain insulated from the reach of lawful authority.

> While personal rights of freedom of movement will certainly not be lightly regarded, there must always be a balancing of private right against public interests and welfare. There must always be a logical appreciation of the demands of public safety to which an individual's personal liberties must yield when such yielding is not of an inalienable right or one that is vital but is merely an inconvenience. It is settled that the enjoyment of many personal rights and freedoms is subject to many kinds of restraints under the police power of the state, which includes reasonable conditions as may be determined by the governmental authorities to be essential to the safety, good order and public welfare of the people.

*Commonwealth v. Mitchell*, Ky., 355 S.W.2d 686, 688 (1962). Here, the police were sum-

moned to appellant's home in response to a domestic disturbance which rendered lawful their presence on appellant's property. There they encountered appellant driving an automobile under the influence of intoxicants and near a public highway. In measuring the conduct of the police under these circumstances, one should consider their legal status if faced with a civil claim by one maimed or crippled by appellant on his own property or by one injured by appellant just outside his own gate.

There is a vast difference between mere intoxication on one's own property and intoxication accompanied by the operation of an automobile. The law regards the latter as criminal conduct because the potential for harm is so great.

REYNOLDS and SPAIN, JJ., join this concurring opinion.

STEPHENS, Chief Justice, dissenting.

I find KRS 189A.010(1) to be an unmistakable example of "unbridled government decision making." In passing this statute, the legislature is overstepping its authority, violating every citizen of this Commonwealth's right to privacy and his or her right to do as they please with their own property.

The majority contends that these constitutional rights are not being violated because the public's interest must also be considered in this circumstance, as the purpose of the statute is to protect the public. I agree that the public does have an interest in protection from the actions of intoxicated drivers. However, I must then ask, since the Constitution is intended to protect the rights of the individual, which interest is given more weight? To hold that the public's interest in this case dominates, unfortunately, delegitimizes the importance of an individual's rights to his privacy. These interests can best be balanced through an appropriately drafted statute that adequately and effectively protects the interests of both and does not violate constitutional rights.

This statute when interpreted to mean that citizens may be arrested for driving while intoxicated when on their own property, does in fact, restrict an individual's freedom. I find it hard to accept that the public has an interest in what occurs on an individual's private property, rising to such a magnitude as to overcome the Constitutional right of privacy of that individual. The danger that is being posed to the public, and the interest which must be protected, may adequately be protected by passing a statute that enables arrests when on a public roadway. An intoxicated driver becomes a threat to the public when he enters a public roadway, and at that particular time he may be arrested.

The result of declaring KRS 189A.010(1) constitutional will only serve to further the progressive intrusion by law enforcement officials into the privacy of citizens. Under the holding of this case, there is nothing to stop the next fact situation from occurring, which will be a scenario where no call has been made to the police to invite them onto private property. Now, a policeman will be allowed to drive past private property and enter it without probable cause and effectuate an arrest. This appears to me to be a violation of the Fourth Amendment.

As a result of the foregoing, I respectfully dissent.

STUMBO, J., joins this dissenting opinion.