Fadi H. MOHAMMAD, Appellant,

v.

COMMONWEALTH OF KENTUCKY, Appellee.

No. 2004–SC–0875–DG.

Supreme Court of Kentucky.

Sept. 21, 2006.

Larry D. Simon, Louisville, Counsel for Appellant.

Gregory D. Stumbo, Attorney General, Frankfort, David A. Sexton, Special Assistant Attorney General, Assistant Jefferson County Attorney, Christopher A. Melton, Karl Price, Special Assistant Attorneys General, Louisville, Counsel for Appellee.

Mark A. Bubenzer, Frankfort, Amicus Curiae, the Kentucky Association of Criminal Defense Lawyers.

## OPINION

WINTERSHEIMER, Justice.

This appeal is from a unanimous Court of Appeals opinion reversing the decision of the circuit court that affirmed the district court's granting of a motion to dismiss a concealed weapon charge. Mohammad entered a plea of not guilty to the charged offenses at an initial appearance, and successfully moved the district court to dismiss the concealed weapon charge prior to any trial because of the exception

codified under KRS 527.020. This Court accepted discretionary review.

The question before this Court is whether the phrase "glove compartment" refers to any compartment in a vehicle or to a specific compartment. The sole issue is whether the "glove compartment" exception in KRS 527.020(5), presently codified as KRS 527.020(8), should be interpreted broadly as including all interior, factory-installed compartments within the vehicle.

After careful review, we affirm the decision of the Court of Appeals finding that the exception in KRS 527.020(8) plainly and unambiguously applies only to regular, factory-installed glove compartments, and not to any other compartments inside a vehicle.

The facts of this case are not in dispute. Mohammad was arrested for driving under the influence, and a search of his vehicle revealed a loaded 9mm handgun located inside a center console between the two front seats of his vehicle. The district court granted Mohammad's motion to dismiss the concealed weapon charge on the ground that the phrase "glove compartment" in KRS 527.020 refers to any factory-installed compartment in the vehicle. The circuit court affirmed the district court. The Court of Appeals reversed, finding that the phrase "glove compartment" plainly and unambiguously exempts only weapons stored inside the compartment in the dashboard on the passenger's side of the vehicle, commonly known as the glove compartment.

■■■■ When the statute is plain and unambiguous, the language of the statute is to be given full effect as written. *Lynch v. Commonwealth*, 902 S.W.2d 813, 814 (Ky.1995). KRS 446.080(4) requires that the words are to be given their common usages. This Court should not resort to the task of deciphering legislative intent in order to interpret the language of a stat-

ute which is abundantly clear. *Stephenson v. Woodward*, 182 S.W.3d 162, 172 (Ky. 2005). Even if the language of the statute is not abundantly clear, the Court's analysis of legislative intent must refer to "the words used in enacting the statute rather than surmising what may have been intended but was not expressed." *Commonwealth v. Allen*, 980 S.W.2d 278, 280 (Ky. 1998).

■■■■ The relevant portion of KRS 527.020(8) expressly provides that "a firearm or other deadly weapon shall not be deemed concealed on or about the person if it is located in a glove compartment, *regularly installed in a motor vehicle by its manufacturer.*" A glove compartment is "a small storage cabinet in the dashboard of an automobile." Webster's New Collegiate Dictionary 486 (8th ed.1981). In contrast, a center console is "a small storage cabinet between the bucket seats in an automobile." *Id.* at 240. Giving the express language of the statute its common usage, the statute plainly and unambiguously exempts weapons from the prohibition against carrying concealed weapons provided that the weapon is stored within a regular, manufacturer-installed "glove compartment." Owners of vehicles that do not have a "glove compartment" may still transport weapons unconcealed in the front seat or in the trunk of the motor vehicle.

Nothing in this opinion compromises one of the inherent and inalienable rights of Kentuckians to bear arms in defense of themselves or in defense of the state, subject to the power of the General Assembly to enact laws to prevent persons from carrying concealed weapons. §§ 1, 7 Ky. Const. Certainly this is a jealously guarded right that the legislature has chosen to regulate in regard to the carrying of concealed weapons. We find such regulation

appropriate and constitutionally authorized.

Contrary to Mohammad's claim, the use of the indefinite article "a" in the phrase "in a glove compartment" would not extend the exception to include any compartment in the vehicle. The article "a" does not have a universal definition, and its meaning in a statute depends upon the context that it is used. Black's Law Dictionary 1 (6th ed.1990). The article "a" may be used to indicate one of a particular class, in addition to the expansive definition of an undetermined or unspecified item. *See* Webster's New International Dictionary of the English Language 1 (2d ed.1935).

In the context of this statute, the appropriate interpretation is that "a glove compartment" refers to a certain compartment of a larger, understood class of vehicles equipped with glove compartments. The statute does not provide an exception for all manufacturer-installed compartments of a vehicle, as the term "glove" specifically narrows the exception to the singularly named compartment. Whether gloves fit into other compartments is immaterial because the phrase "glove compartment" was expressly adopted by the General Assembly and retains plain meaning as a compartment located in the dashboard of a vehicle. An interpretation of the indefinite article extending the exception to all compartments in the vehicle would require this Court to ignore the ordinary meaning of the phrase "glove compartment." Interpreting the use of the indefinite article to refer to glove compartments within a large group of vehicles that have glove compartments gives all of the words in the statute their logical and ordinary meaning.

The language of KRS 527.020(8) provides a plain and unambiguous exception to the prohibition against carrying concealed weapons provided that the weapon is stored in a glove compartment of a vehicle. We therefore hold that KRS 527.020(8) does not extend an exception to any compartment within a vehicle, but only to a specific compartment, commonly known as a glove compartment, located in the dashboard of a vehicle.

The decision of the Court of Appeals is affirmed.

GRAVES, MCANULTY and ROACH, JJ. concur.

SCOTT, J., concurs in part and dissents in part and is joined by LAMBERT, C.J.

MINTON, J., not sitting.

SCOTT, Justice, concurring in part and dissenting in part.

I concur in the majority's opinion to the extent of its holding that a "center console compartment" is not the "glove compartment" referenced in KRS 527.020(8). In so concurring, I note that the Conference Committee deleted the words "console compartment, or other similar receptacle," prior to recommending approval of the Bill. I also agree that this is not a "right to bear arms" question, in that §§ 1, 7 of the Kentucky Constitution specifically grants the General Assembly the right to enact laws to prevent persons from carrying concealed weapons.

I respectfully dissent, however, to the extent that the majority's opinion restricts the application of KRS 527.020(8) to only a "specific [singular] compartment, commonly known as a glove compartment located in the dash board of a vehicle." The Court of Appeals' opinion further restricted the location to "the passenger side of the vehicle."

The language involved in KRS 527.020(8), plainly reads, in pertinent part:

A firearm or other deadly weapon shall not be deemed concealed on or about the

**592**

person if it is located in a glove compartment, regularly installed in a motor vehicle by its manufacturer, regardless of whether said compartment is locked, unlocked, or does not have a locking mechanism.

Thus, there are three elements to be noted in its definition: (1) it is a compartment within a vehicle referred to as a "glove compartment," (2) it is one that is regularly installed in a motor vehicle by its manufacture, and (3) it qualifies whether it is locked, unlocked, or does not have a locking mechanism. The glove box referred to by the majority always has "a locking mechanism." The one referred to by the legislature doesn't have to have one, yet it has to be "regularly installed ... in a motor vehicle by its manufacturer." Moreover, there is nothing in the statute that requires it to be in the "dash board," much less on the "face" of the dash board, as is commonly assumed.

In fact, the 2006 Ford Five Hundred, Ford Fusion, Ford Freestar Van, Mercury Montego, Mercury Milan, and Monterey Van do not have "glove boxes" as envisioned by the majority, nor does the Nissan 350Z. They are equipped by the manufacturer with "covered storage bins," which in the Ford and Mercury models are in the center, on top of the dash. The Nissan 350Z storage compartments are in the center of the dash, next to the driver, and also behind both the driver and passenger's seats.

The 2007 Toyota FJ Cruiser, on the other hand, has two specific designated "glove boxes," one on top of the dash in front of the passenger and another on top of the dash, in front of the driver.[1] Of course, "[o]wners of vehicles that do not have a 'glove compartment' may still transport weapons unconcealed in the front seat or in the truck of the motor vehicle." *Commonwealth v. Mohammad,* 2003–CA–000034–DG, slip op. at 3, 2004 WL 2071182 (Ky.App.2004).

But I don't think that is what the legislature would want, given the change in the manufacturer's placements and designations today.

That's all the better reason to reinsert "console compartment, or other similar receptacle" back into the statute. But, that of course is not for us to do. That is for the legislature, in correcting the majority's unduly restrictive placement of the compartment(s) referred to in KRS 527.020(8).

LAMBERT, C.J., joins this opinion.

1. In fact, marketing information for the FJ Cruiser touts a "glove box for the driver, too."