**Kwi Sun HOOD, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

**No. 2005–CA–002587–MR.**

Court of Appeals of Kentucky.

April 27, 2007.

Case Ordered Published by
Court of Appeals June 15, 2007.

Discretionary Review Denied by
Supreme Court Sept. 12, 2007.

Michael R. Mazzoli, Louisville, KY, for appellant.

Gregory Stumbo, Attorney General of Kentucky, Ken W. Riggs, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, Chief Judge; MOORE, Judge; HENRY,[1] Senior Judge.

## OPINION

HENRY, Senior Judge, (Assigned).

Kwi Sun Hood appeals from a judgment of conviction for promoting prostitution in the second degree. Ms. Hood received a sentence of three years' imprisonment, probated for three years, and a fine of $2,500. On appeal, Hood contends that a conviction of second-degree prostitution requires proof of prostitution activity by two or more prostitutes on the same day, that insufficient evidence supports the verdict, and that she is entitled to a new trial. We disagree and affirm the conviction.

Hood was the sole proprietor of Hawaii Spa, an unlicensed massage business, from October 1997 through May 2004. On May 22, 2003, an undercover police detective sought a massage at Hawaii Spa from a woman called Gina. After the massage, Gina offered sex, and the undercover detective gave Gina $160. After summoning backup police officers, Gina was arrested and charged with prostitution. On February 11, 2004, another undercover police officer received a massage from Hood's co-defendant, Son Yi Wha, at Hawaii Spa. The detective testified that after the massage Wha offered sex for $120. Both Wha

and Hood, who was present at Hawaii Spa that day, were arrested. A search of the premises yielded cash and a box containing numerous condoms.

A jury found Hood guilty of promoting prostitution in the second degree. This appeal followed.

■ Hood first asserts that the jury's verdict rested on its aggregating two instances of prostitution activity which occurred nine months apart. She contends that KRS 529.040(1) prohibits promoting prostitution by two or more prostitutes on the same day. She further maintains that, if KRS 529.040(1) proscribes promoting prostitution by two or more prostitutes on two different days, then there was a fatal variance between the indictment and the proof at trial. The Commonwealth contends that Hood did not preserve this issue for appellate review. At trial, Hood did not couch her argument in terms of "continuing course of conduct" or "fatal variance"; rather, she maintained that KRS 529.040(1) requires proof of prostitution activity by two or more prostitutes on the same day.

KRS Chapter 529 defines three degrees of promoting prostitution. Promoting prostitution in the first degree, KRS 529.030, is committed when a person knowingly compels another to engage in prostitution by force or intimidation, or profits from coercive conduct by another; or when a person knowingly advances or profits from prostitution by a person less than 18 years old. "The gist of [first-degree promoting prostitution] is compulsion." KRS 529.030, Commentary (1974). Third-degree prostitution occurs when a person "knowingly advances or profits from prostitution." KRS 529.050(1).

---

**1.** Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

Hood was convicted of second-degree promoting prostitution. KRS 529.040(1) states as follows:

A person is guilty of promoting prostitution in the second degree when he knowingly advances or profits from prostitution by managing, supervising, controlling or owning, either alone in association with others, a house of prostitution or a prostitution business or enterprise involving prostitution activity by two (2) or more prostitutes.

■■■ KRS 529.040(1) is plain and unambiguous, and statutory construction is unnecessary. *See Mohammad v. Commonwealth,* 202 S.W.3d 589, 590 (Ky.2006). " '[S]tatutes must be given their literal interpretation unless they are ambiguous and if the words are not ambiguous, no statutory construction is required.' " *Stephenson v. Woodward,* 182 S.W.3d 162, 170 (Ky.2005), *quoting Commonwealth v. Plowman,* 86 S.W.3d 47, 49 (Ky.2002). Further, a court must refer to the words used in a statute, and not speculate on what the legislature might have intended, but did not express. *Commonwealth v. Allen,* 980 S.W.2d 278, 280 (Ky.1998).

The statute at issue here plainly proscribes promoting prostitution "involving prostitution activity by two or more prostitutes." KRS 529.040(1). The legislature did not state that the prostitution activity must occur on the same day, and we will not add such a requirement. The official commentary states that KRS 529.040(1) "is aimed at *any* type of prostitution enterprise which involves more than one prostitute." 1974 Kentucky Crime Commission/LRC Commentary to KRS 529.030. (Emphasis added.) Other states have enacted statutes proscribing promoting prostitution that track the language used in KRS Chapter 529. *See, e.g.,* Section 13A–12–112, Code of Alabama 1975. The official commentary to the Alabama statute notes that "the requirement that 'two or more' prostitutes be involved is arbitrary, but by the fact that it is only one higher than one, the provision suggests that any organized prostitution business shall be punished in the second degree." Ala.Code § 13A–12–113, Commentary (1975).

■■■ Hood asserts that there was a fatal variance between the proof and the indictment. Although Hood was indicted on three counts of second-degree prostitution occurring on three separate dates, only one count was presented to the jury. Hood did not present the argument that there was a variance to the trial court, other than reiterating her argument that KRS 529.040 required proof of prostitution activity by two or more prostitutes on the same day. Even if this issue was adequately presented to the trial court, we find no merit to this claim. Hood was fully aware of the nature of the charge leading to her conviction and does not assert that she was surprised or misled by the proof. Hood had fair notice and a fair trial, and suffered no prejudice on this score. *See Johnson v. Commonwealth,* 105 S.W.3d 430 (Ky.2003).

■ Next, Hood contends that insufficient evidence supports the jury verdict, specifically, that no evidence exists that Hood knowingly advanced prostitution. KRS 529.010(1) defines "advancing prostitution" as "when acting other than as a prostitute or as a patron thereof, he knowingly causes or aids a person to engage in prostitution ... provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in in any conduct designed to institute, aid or facilitate an act or enterprise of prostitution."

■■■ Quoting *Commonwealth v. Benham,* 816 S.W.2d 186, 187 (Ky.1991), our standard of review of a trial court's denial of a motion for directed verdict was re-

cently restated in *Rice v. Commonwealth,* 199 S.W.3d 732, 735 (Ky.2006):

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions of credibility and weight to be given to such testimony.
>
> On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal. *[Commonwealth v.] Sawhill,* [660 S.W.2d 3, 4 (Ky.1983).]

The record shows that it was not unreasonable for the jury to find that Hood was guilty of second-degree prostitution. Hood owned and operated Hawaii Spa, decided whom to hire or to fire, and unsuccessfully sought a license for a massage parlor. Evidence of prostitution activity by two or more prostitutes at Hawaii Spa was before the jury. Also, a box of condoms was found in the common area of Hawaii Spa. Viewing the evidence in a light most favorable to the Commonwealth, it is reasonable to conclude that a jury could find that Hood knowingly advanced prostitution activity by two or more prostitutes. The trial court did not err in denying the motion for directed verdict.

Hood asserts that the trial court abused its discretion by denying her motion for new trial. First, she claims that the jury's verdict was palpably against the weight of the evidence, arguing her co-defendant's being found not guilty of tampering with physical evidence demonstrates that the jury rejected the testimony of the detective who testified to the February 11, 2004, prostitution activity. This argument is meritless; the jury's conclusion that Hood advanced prostitution on February 11, 2004, is not contravened by the jury's concluding that Hood's co-defendant did not tamper with physical evidence by swallowing a condom on that date.

■ Next, Hood points to testimony from another detective who, in response to a question from the defense, testified that an employee from Hawaii Spa was convicted of prostitution. The trial court struck that detective's testimony in its entirety, and admonished the jury to disregard it. The admonition cured any error in this respect. *See Mills v. Commonwealth,* 996 S.W.2d 473 (Ky.1999).

■ Finally, Hood contends that she is entitled to a new trial because of prosecutorial misconduct during the Commonwealth's closing argument. Hood did not contemporaneously object to the Commonwealth's closing argument on the bases raised on appeal. Our review, therefore, is governed by the palpable error standard. Also, we review claims of prosecutorial misconduct to determine whether the alleged misconduct is so egregious, improper, or prejudicial as to have undermined the overall fairness of the proceedings. *Brewer v. Commonwealth,* 206 S.W.3d 343, 349 (Ky.2006). The portions of the Commonwealth's closing argument about which Hood complains were responsive to Hood's and her co-defendant's closing arguments. Clearly the prosecutor's remarks did not prejudice Hood's right to a fundamentally fair trial.

The circuit court judgment is affirmed.

ALL CONCUR.